[No. 1455.]

## McClelland v. Hammond.

ARBITRATION—STATUTORY AND COMMON LAW.

The statutory arbitration provided by code was not intended to abolish and does not abolish common-law arbitration in this state, but its purpose was to give the award of the arbitrators the effect of a judgment at law, enforceable in like manner as a judgment. An award under a common-law arbitration has not the effect of a judgment and is not self-enforcing, but it is binding on the parties thereto, and may be made the basis of an action to carry its terms into effect or pleaded in bar of an action upon the same subject-matter.

*Appeal from the District Court of Otero County.*

Mr. M. J. GALLIGAN, for appellant.

Mr. FRED A. SABIN and Mr. R. S. BEALL, for appellee.

WILSON, J.

Hammond commenced this suit before a justice of the peace to recover on an account for goods sold. The goods were

bought and the indebtedness primarily contracted by one
A. Russell, who was claimed to have been agent for defendant
McClelland. The agency was denied. Judgment was in
favor of the defendant in the justice's court and of the plain-
tiff in the county court. On appeal from the judgment in
the latter court the case comes into this court.

On trial the defendant while testifying as a witness in his
own behalf, was asked the following question: "Was the
matter in controversy in this action submitted, before suit
was begun, to arbitration by mutual agreement between you
and the plaintiff?" To this question plaintiff objected on
the ground that it was "incompetent, irrelevant and imma-
terial," and the objection was sustained. The defendant's
counsel then offered to prove by the witness "that an agree-
ment was made between the plaintiff and the defendant to
submit the matter in controversy or dispute in this action to
arbitration, and that the finding or decision of the arbitrators
would be final and conclusive upon the parties to this action;
that it was agreed that the plaintiff should appoint one arbi-
trator, the defendant one, and those selected a third, and that
whatever two of those arbitrators should decide would be
binding and conclusive upon the parties thereto; that pur-
suant to such agreement the plaintiff appointed one arbitra-
tor and the defendant appointed another, and those two
appointed a third; that those arbitrators met for the purpose
of determining this dispute; that in the presence of the
arbitrators and the parties to this action the defendant stated
that there was a dispute between the parties as to the matters
in controversy in this action, and that he and Mr. Hammond
had agreed to submit it to those gentlemen by making their
statements, and whatever those gentlemen should find should
be conclusive upon them; that the plaintiff then and there
agreed to that; that the statements were made to their con-
clusion, first by the plaintiff and two other parties which he
called on in his behalf, and then by the defendant, and the
whole matter being submitted to the arbitrators, two of the
arbitrators found that as to the matter in dispute, being the

same matter in controversy in this action, the defendant did not owe the plaintiff anything. And two of the arbitrators announced to defendant what the award of the arbitrators was, and that it was in his favor, and that the defendant did not owe the plaintiff anything; that the above proceeding relative to arbitration was had and done prior to the commencement of this action."

The court refused to allow the testimony as offered. The refusal, according to the abstract, was for the reason, "that the arbitration has not been made in compliance with the statute." The plaintiff contends that the court held the testimony to be inadmissible because the alleged arbitration was not in accordance with the statutory form and therefore was no bar to the bringing of the suit. Whatever may have been the ground assigned, the exclusion of the evidence was error. The facts offered to be shown would if proven have made out a case of common-law arbitration and award, which counsel admit exists and may be resorted to in this jurisdiction. He insists however that only an arbitration and award in the statutory form and method is binding upon the parties. To support this view he relies upon the language of the code provisions in reference to arbitrations, but especially upon that of sections 283 and 288. It is true that in the former section it is said: "In order to make future arbitrations obligatory and binding upon the parties," they shall pursue a certain prescribed method, but if a common-law arbitration is admitted to exist under our law, it does not follow that an award under it is neither binding nor obligatory upon the parties by reason of this language. In the sense that an award under an arbitration is of such a binding and obligatory character that it has the force and effect of a judgment at law and may be enforced in like manner, the contention is true. This is not and never was the case with an award under a common-law arbitration. It was never self-enforcing, and a suit was always necessary to carry its terms into effect.

We think that the sole object of the code provisions as to

arbitrations and awards was to obviate the necessity of bringing a suit to enforce the award. They provided that if a certain prescribed method was pursued in the submission of controversies to arbitration, the award in writing might be filed in the office of the clerk of the district court of the county wherein the matter was pending and judgment be entered thereon. The act did not undertake either in terms or by implication to abolish common-law arbitrations. Both forms of procedure may exist as neither conflicts with the other. Arbitration is favored by the law as a covenient mode of adjusting disputes. Parties after having selected there own judges, as a general rule, should be bound by the result. *Wilson v. Wilson*, 18 Colo. 620. This being true the presumption will not be indulged that the códe abolished or made ineffective common-law arbitrations simply because it provided a method for the submission and settlement of controversies, which if followed might be more effective and furnish a more conclusive and expeditious remedy. This would manifestly tend to discourage instead of to favor amicable settlements.

The defendant had the right to show, if he could, the submission of the matter in dispute to arbitration, whether at common law or under the statute, and an award in his favor. Of course both were open to attack by the plaintiff, but if a valid award in defendant's favor had been shown, according to common-law rules, it would have been a complete bar to plaintiff's recovery in the action. These conclusions are not only sound upon principle, but are well supported by authority. Morse on Arbitration and Award, p. 43 ; Russell on Awards, p. 547 ; *Galloway v. Gibson*, 51 Mich. 135 ; *Ehrman v. Stanfield*, 80 Ala. 118 ; *Kelley et al. v. Adams et al.*, 120 Ind. 340 ; *Winnie v. Elderkin*, 2 Pinney (Wis.), 248.

For the error considered, the judgment must be reversed. It is accordingly so ordered and the cause will be remanded for a new trial.

*Reversed.*