[No. 2139, July 11, 1918.]
## MOORE v. COLLINS et al.

### SYLLABUS BY THE COURT.

1. In matters of arbitration, if a writing be not required by the terms of the submission or of a statute applicable to the proceeding, a parol award is good, especially if the submission is by parol.                                    P. 238

2. In replevin, *held*, on the evidence, that whether the ownership of the property in controversy was submitted to arbitration and award was for the jury.                    P. 238

Appeal from District Court, Chaves County; Richardson, Judge.

Action in replevin by D. H. Moore against A. O. Collins and the Roswell Hardware Company. Judgment for defendants upon a directed verdict, and plaintiff appeals. Reversed, and cause remanded for a new trial.

### STATEMENT OF FACTS.

This is an action in replevin, the complaint setting up that on the 14th day of April, 1916, the plaintiff was the owner of a certain spraying machine; that on or about the — day of September, 1916, the defendant A. O. Collins, without legal right thereto, removed the said sprayer from the farm of the plaintiff and delivered the possession thereof to the defendant Roswell Hardware Company, under some contract to the plaintiff unknown, and that the defendants, one or both of them, wrongfully detained the possession of said sprayer from the plaintiff, and have so detained the possession thereof, to the damage of plaintiff in the sum of $25; that the value of said sprayer with its appurtanances is $400. The defendants by answer denied all the allegations of plaintiff's complaint. At the close of the plaintiff's case the defendants demurred to the plaintiff's evidence, and moved the court to instruct the jury to return a verdict finding the issues in favor of the defendants, and for nominal damages in the sum of one cent. This motion was sustained by the trial judge, and the verdict as directed assessed damages at one cent, and the value of the property replevined at $400. From a judgment based upon this verdict the appellant appeals.

GIBBANY & EPSTEIN, of Roswell, for appellant.

HIRAM M. DOWELL, of Roswell, for appellees.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). It is evident that the trial court directed the verdict in this case upon the theory that upon plaintiff rested the burden of proof as to the ownership of the property in question, and that plaintiff failed to prove ownership. It was asserted by the motion of counsel for defendants that the only evidence as to the ownership of the property in question was the bill of sale from one Hunter to the plaintiff, and the attempt to show that Hunter owned the property by reason of an award by arbitrators selected by the said Hunter and one A. O. Collins. Whether the trial court sustained this motion upon the theory that the award of the arbitrators could not be varied by parol testimony does not clearly appear. It is evident, however, from the record that plaintiff, after the introduction of the bill of sale from Hunter to himself, undertook to prove that in the arbitration of certain difficulties between Hunter and his tenant, Mr. Collins, a parol award was made by the arbitrators of the sprayer in question, to Hunter.

The first witness put upon the stand by plaintiff, one J. E. Clayton, testified that among other items submitted to the arbitration was the sprayer, which was by the arbitrators awarded to Hunter. The witness was asked why the award of the property in question and other personal property was not included in the written award, which showed little else than the balance due from Hunter to Collins. His reply to this question was:

"Because we took the value of those various items as presented by each party and cast a balance as between them, and we charged Hunter up with the total cost of the sprayer and gave him the possession, and we charged Mr. Collins up with certain things he admitted that he had and gave Hunter credit for those, and the notes and some uncollected accounts that were in the possession of Hunter were charged up to him at their face value and turned over to him, and in the final balance Hunter gave his check to Mr. Collins for the amount between them after all of the accounts were cast and the balance struck."

[1] The rule upon the subject of parol awards is stated in 3 Cyc. at page 665 thus:

"If a writing be not required by the terms of the submission or of a statute applicable to the proceeding, a parol award is good, especially if the submission is by parol."

This rule finds support in the following authorities, among others: Phelps v. Dolan, 75 Ill. 90; Donnell v. Lee, 58 Mo. App. 288; Jones v. Dewey, 17 N. H. 596.

[2] By appellees it is strenuously contended in their brief that there was a failure to prove submission of the property in question to arbitration and award. The following questions were asked of the first witness of plaintiff on cross-examination:

"Q. You made this written final statement? A. Yes, sir. Q. Now, Mr. Clayton, who made the transfer, who outlined to the parties what was to be submitted to them? A. Mr. Collins and Mr. Hunter each one came in separately and made a statement of the claims that they made against the other. Q. Mr. Clayton, did Mr. Hunter submit this sprayer to you as you say they made separte statements, or did Mr. Collins? A. I do not recall."

It is contended by appellees in this connection that because the parties came before the arbitrators separately that there was a failure to prove submission. We do not think that this necessarily follows.

From another portion of the evidence of the same witness it would seem to be clear that there was either a submission of the property in question to the arbitrators for award, or, at least, an acquiescence in the disposition of the property by the arbitrators. The evidence referred to follows:

"Q. Did you in fact award the ownership and possession of personal property that is not described in the paper which I have shown you? A. We did. Q. Was that award a separate award in writing or verbally between the parties? A. Verbally in the presence of both of the parties. Q. Did they acquiesce or not at that time in the award? A. They did acquiesce, both of them."

From the foregoing it would appear that there was some evidence tending to prove that by a parol award Mr. Hunter had been awarded the spraying machine in question, which, by the bill of sale, he had transferred to the plaintiff, Mr. Moore. It is true that the other arbitrator introduced as a witness had no recollection of the matter, so that there was a question as to the weight of the evidence, but this was for the jury, and a verdict should not, therefore, have been directed.

For the reasons stated, the judgment is reversed, and the cause remanded for a new trial; and it is so ordered.

PARKER and ROBERTS, J.J., concur.