## HOPSDAL v. LOEWENSTEIN et al.
### Civ. A. 43 C 1045.

District Court, N. D. Illinois, E. D.
Oct. 5, 1945.

■■■■■■

Sullins & Schneider, of Chicago, Ill., for plaintiff.

Mayer, Meyer, Austrian & Platt, of Chicago, Ill., for defendants.

BUY, District Judge.

Plaintiff seeks a summary judgment based on the pleadings and also upon defendants' alleged failure to answer plaintiff's request for admission under Rule 36 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

■ The first objection raised to defendants' answer is that the defendants have not complied with Rule 36 in filing their answer within the time prescribed by the Rule. Defendants contend that plaintiff has specified no time in their request for the filing of such answer and therefore plaintiff's objection is not well taken. In Kraus v. General Motors Corporation, D. C.S.D.N.Y., 1939, 29 F.Supp. 430, it is held that, a notice requesting the admission of facts and genuineness of documents need not designate the time within which the admissions or denials shall be made, since the Rule expressly fixes such time at 10 days.

The fact that plaintiff did not specify any time within which answer was to be made to its request for admission under Rule 36 is not, therefore, reason for failing to answer the request within the time specified by the Rule. However, in Countee v. United States, 7 Cir., 1940, 112 F.2d 447, the court held that although the answer in response to a request for admission of facts is not filed within the time allowed by the Rule, the court may, in its discretion, deny a motion to strike such answer, there appearing to be no indication of lack of good faith on the part of the responding party and no prejudice caused to the moving party.

■ Defendants' counsel states he was out of the city on vacation at the time of the service of the request for admission and that due diligence in answering was pursued upon his return. Although this procedure was not in accordance with the requirements of the Rule, the court is of the opinion that the facts and circumstances do not suggest bad faith and that the plaintiff has suffered no prejudice by this delay.

■ It is further stated that the statement served upon plaintiff by defendants is not a sworn statement. Inspection of the answer shows that it was sworn to by Richard M. Loewenstein, as surviving trustee and as President of defendant corporation, and was properly notarized. It is true that plaintiff's copy of answer was not signed and notarized but it was a complete copy of the answer filed. Lack of adherence to formalities which do not result in prejudice should not interfere with the determination of the issues on the merits.

■ It is also set forth that defendants have not served the sworn statement upon the party requesting the admission, but have filed it with the court. At the bottom of page 2 of the answer to request for admission there appears the following:

"Received a copy of the foregoing answer to request for admission under Rule 36 this 29th day of August, 1945.
s/ Sullins & Schneider
Attorneys for Plaintiff"

The document bears the following stamp on the back thereof:

"Filed Aug 30 1945 at 10:12 A.M.
Roy H. Johnson"

It is therefore apparent that attorneys for plaintiff did receive a copy of the answer before it was filed with the court.

■ Plaintiff also questions the sufficiency of defendants' answers directed to statements of fact concerning the extent and detail of business of the various tenants upon the premises involved herein. Defendants have answered, "that they cannot truthfully either admit or deny the other statements contained in said request for admission for the reason that the defendants have no knowledge as to the facts contained in said statements." The defendants assert that to compel admission of the truth of these statements would be to require him to admit matters which are not within his knowledge but are completely in the knowledge of third persons. The

court subscribes to the reasoning set forth in Booth Fisheries Corporation v. General Foods Corporation, D.C.Del., 1939, 27 F. Supp. 268, 271, wherein the court said: "In submitting to plaintiff for admission the truth of statements of fact provable by the testimony of third parties, defendants are seeking to cast upon the plaintiff the burden and expense of proving their case."

The facts requested to be admitted as true are facts within the knowledge of the tenants. To compel defendants to answer would in effect shift the burden of proving plaintiff's case to the defendants.

For these reasons the court holds defendant's answer to request for admission under Rule 36 sufficient.

Whether plaintiff is covered by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., can only be determined by a trial of the issues. The motion of plaintiff for summary judgment is denied.

An order in accordance herewith will be presented for entry.