PARKS, Associate Justice.
• These two cases were tried together in the lower'-court and argued together here and it appearing that there is no substantial-difference in their controlling facts and the applicable law we shall dispose' of both cases in this opinion.
The question to be decided is one of practice involving admissions of facts under Common Law Rule 29, 30 F.S.A.
The request for admissions filed by plaintiff on February 26th failed to state any specific date in which they should be answered by defendant, merely stating, “requests that the defendant, not less than tern days after service of this request admit the following” * * *. On March 20th, the defendant filed objections to this request assigning grounds that the admissions sought were immaterial and irrelevant and that they had already been answered in interrogatories propounded and answered by the defendant in the proceedings. No notice of hearing on the objections was served. On April 27th plaintiff filed motion for summary judgment together with affidavits in support thereof. On May 13th defendant filed and served affidavit, “In answer to requests for admissions” which *317 specifically denied the matters of which the admissions were requested on February 26th, and denied all liability sought to be enforced against him in the complaint.
The motion for summary judgment was disposed of May 20th by the Court entering judgment for the amount claimed by plaintiff in which the Court commented:
“This cause coming on to be heard * * * upon the motion for entry of summary judgment said motion being supported by affidavit of plaintiff * * the Court finds that there is legally and lawfully before it and which it can properly consider on such motion, only the affidavit of the plaintiff and the admissions of the defendant, there being no proper reply to said admissions in the time and manner as provided by law”.
In making this comment the Court obviously thought, as argued by plaintiff here, that the objections to admissions not bei.ng filed within the time required by the Rule, and without notice of hearing, were too late and the request for admissions were deemed to be admitted under the provisions of the Rule; or .by- filing objections without serving the required notice of hearing the defendant waived the failure of plaintiff to fix a definite time for the filing of answers to the admissions and therefore defendant’s “affidavit in answer to requests for admissions” filed as above noted could not be considered. ■ i
We think the Court erroneously construed the Rule in entering the judgment under these circumstances. While the case of Kraus v. General Motors Corp., D.C., 29 F.Supp. 430 seems to support the action of the trial court, we decline to follow the holding in that case.
The plaintiff, as heretofore noted, specified no date as required of him when the admissions were to be filed and we cannot agree that their filing on April 27th' was too late. Under the Rule orderly procedure required a fixed time for answer. In the absence of any fixed time for answer there was no obligation on defendant to answer. For the same reason there was no waiver by defendant in, filing the objections. The penalties of the Rule may not be visited on the defendant for plaintiff’s failure to specify a time within which admissions were required to be filed. However, answers were filed and served on May 13th prior to the hearing on the motion for summary judgment and should have been considered by the Court in the hearing on the motion. The affidavit of defendant having denied the liability claimed by the plaintiff the summary judgment was improvidently entered.
, Reversed.
DREW, C. J., and TERRELL and Roberts, JJ., concur.