SAMINCORP SOUTH AMERICAN MINERALS & MERCHANDISE CORPORATION *vs.* REUBIN LEWIS & others.

Suffolk.    February 5, 1958. — April 8, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Arbitration.   Contract,* For arbitration, What constitutes.   *Jurisdiction,* By consent or waiver, Arbitration.   *Judgment.*

There was no inconsistency between agreeing by one provision of a contract to settle disputes arising thereunder "by arbitration under the rules of the American Arbitration Association of New York" and agreeing by a further provision to consent to the enforcement of an award by "the laws of . . . New York."   [301]

Provisions of a contract that disputes arising thereunder should be settled by arbitration and that for "the purposes of" the arbitration "the laws of . . . New York shall apply" included enforcement of an award under an article of the New York civil practice act dealing with arbitrations.   [301]

A contention that an agreement for arbitration of disputes "under the rules of" a specified arbitration association did not provide for an arbitration of a certain dispute in New York was without merit where the association's rules incorporated by reference in the agreement gave it the power to fix the place of arbitration and it exercised that power by selecting New York.   [302]

A written contract was binding on one of the parties thereto where, although he did not sign it nor return a copy to the other party, his subsequent conduct showed that he accepted the contract.   [302]

Under art. 84, § 1449, of the New York civil practice act, an agreement to arbitrate a controversy thereafter arising must be in writing but need not be signed.   [302–303]

Conducting of an arbitration pursuant to a contract providing for arbitration of disputes arising thereunder could not be successfully attacked by one of the parties on the alleged ground that at the time when the other party demanded arbitration the contract was no longer in existence because the demanding party had failed to do certain acts required by the contract, where the question of such a breach by the demanding party was one of the principal controversies respecting which the arbitration was sought.   [303]

Under the law of New York, a party's participating in a hearing on the merits by an arbitrator would constitute a waiver of previous jurisdictional objections by that party.   [304]

Questions as to the conduct of an arbitration in New York which might have been raised by one of the parties in a proceeding in a New York court having jurisdiction to enforce an award against him made by the arbitrator, wherein the award was confirmed and judgment based thereon entered, could not be raised by that party in a subsequent action against him in Massachusetts on the New York judgment. [304]

CONTRACT.   Writ in the Superior Court dated June 8, 1956.

The action was heard by *Quirico,* J., on a motion for judgment.

*Sheldon Newman,* for the defendants.

*Harold Rosenwald,* for the plaintiff.

WILKINS, C.J.   In this action of contract upon a foreign judgment, the plaintiff filed a motion for judgment on undisputed facts, supported by an affidavit.   G. L. (Ter. Ed.) c. 231, § 59, as appearing in St. 1955, c. 674, § 1.   The defendants also filed an affidavit.   From an order allowing the motion and ordering the entry of judgment for the plaintiff, the defendants appealed.   G. L. (Ter. Ed.) c. 231, § 96.

The judgment was in the Supreme Court of the State of New York in and for the County of New York, and was based upon an arbitration award for breach of two written contracts whereby the defendant partners of Chelsea were to deliver automobile radiator scrap to the plaintiff, a New York corporation doing business in New York city.   The controversy was whether the contracts had expired because of the plaintiff's failure to give shipping directions by February 28, 1955, there having been a change in export license requirements for metal scrap, and whether the defendants' refusal to deliver thereafter was a breach.   Each contract contained the following: "Arbitration: Any difference under this contract is to be settled by arbitration under the rules of the American Arbitration Association of New York.   For the purposes of this arbitration, the laws of the State of New York shall apply."

On April 6, 1955, the plaintiff mailed to the defendants a written demand for arbitration, dated April 5, setting forth the nature of the dispute, the amount involved, and the remedy sought, and specifying New York city as the place for arbitration. This demand the defendants received. Also on April 5, the plaintiff filed with the American Arbitration Association (hereinafter called the Association) copies of the demand and the contracts, and paid a fee, all as required by the Association's rules. The defendants stated in their affidavit that no notice of filing was received from the Association. Nevertheless, on May 14 and 20 the defendants filed answering statements denying the Association's jurisdiction. On May 12 the Association notified the parties that since the defendants had not indicated their choice for the place of arbitration within the time allowed, the arbitration would be held in New York city, as designated by the Association's arbitration committee. On May 14 the defendants' counsel by letter addressed to the Association requested that the arbitration be held in Boston. On July 20 the plaintiff mailed to, and on July 26 served on, the defendants a notice of intention to conduct arbitration pursuant to art. 84, § 1458, of the New York civil practice act. The defendants at no time served notice of a motion to stay the arbitration.

The Association appointed a member of the New York bar as arbitrator in accordance with its rules. On October 26, after due notice, a hearing was held in New York city, at which were present one of the defendants and the defendants' counsel. The arbitrator took the oath of office and proceeded to hear the proofs and contentions of both parties. The defendants' counsel stated that he appeared specially, and raised four objections to jurisdiction, which were taken under advisement. The arbitrator then proceeded to take evidence. When the defendants' counsel attempted to enter into the active hearing of the case, the arbitrator, over objection, ruled that active participation in the trial on the merits would constitute a waiver of their rights on the jurisdictional question. The defendants' coun-

sel thereafter participated to some extent in the hearing on the merits.

On November 23, 1955, the arbitrator made an award, which, in accordance with the Association's rules, was delivered by mail under date of November 29 by the Association to counsel for the parties. The award was in the sum of $1,764.19.

On March 9, 1956, counsel for the plaintiff caused to be served by mail on counsel for the defendants a notice of a motion, returnable on March 23 before the Supreme Court of the State of New York in and for the County of New York, for an order confirming the award and directing the entry of judgment. This procedure was in conformity with New York civil practice act, art. 84, § 1461. On the return day the motion was taken under advisement, the defendants not appearing, and on April 6 the motion was granted. On April 9 judgment was entered against the defendants. No appeal was taken. See N. Y. civil practice act, art. 84, § 1467.

The arbitration clause in the contracts in the clearest terms is both an agreement to arbitrate under the rules of the Association and a consent to the exercise of jurisdiction by the courts of the State of New York. There is no inconsistency between agreeing to arbitrate under the rules of the Association and agreeing to consent to the enforcement of an award by "the laws of the State of New York." The phrase last quoted is not to be given the narrow construction urged by the defendants. The phrase, "laws of the State of New York," is unqualified, and is obviously broad enough to embrace art. 84 of the civil practice act. The contrary construction would place the parties in the position of entering into an agreement to make an unenforceable award, and would exclude from the operation of their agreement the law which is specifically applicable to arbitrations.

The defendants do not controvert the well established principle that jurisdiction may be conferred by consent. *Harvey* v. *Fiduciary Trust Co.* 299 Mass. 457, 467. *Gilbert* v. *Burnstine,* 255 N. Y. 348, 355–357. *Matter of Gantt (Hurtado & Cia.)* 297 N. Y. 433. Restatement: Conflict of Laws,

§§ 77 (1) (d), 81. See *Mittenthal* v. *Mascagni*, 183 Mass. 19. But they raise a number of points in an effort to show that they have not in fact consented to the jurisdiction of the State of New York. Some of these points doubtless should have been raised in the arbitration proceedings or in the New York courts. We do not pause to cull them out, as all may be as briefly disposed of on the merits.

(a) The contention is made that the contracts do not provide for arbitration in New York and hence the defendants have not submitted to the jurisdiction of the New York courts in accordance with art. 84, § 1450, of the civil practice act. By its rules, which are by reference made part of the contracts, the Association had power to fix the place of arbitration. The Association exercised the power. As was said in a similar case, "The contract between the parties, while providing for arbitration, does not fix the place thereof. The rules of the American Arbitration Association are by reference made a part of the contract. Under these rules the association has the power to fix the place of arbitration. In this case the power was exercised. It can be thus said that the parties contracted to fix the place of arbitration in New York." *Matter of Bradford Woolen Corp.* (*Freedman*) 189 Misc. (N.Y.) 242, 244. See *Application of L. N. Jackson & Co. Inc.* 106 N. Y. Sup. (2d) 725, 726.

(b) The defendants object that the second contract was not signed by them and that no copy was returned by them to the plaintiff. Their conduct, however, shows that they accepted it. They retained the copy of the contract. They informed the plaintiff that the material purchased under both contracts was ready in their warehouse and asked shipping instructions. They later purported to cancel both contracts, and still later declared that the contracts had expired according to their terms.

(c) The defendants argue that they are not bound by the agreement to arbitrate the second contract because it was not signed by them. Under art. 84, § 1449, of the civil practice act a contract to arbitrate a controversy thereafter arising, as distinguished from an existing controversy, need

merely be in writing, and a signature is not required. *Matter of Helen Whiting, Inc. (Trojan Textile Corp.)* 307 N. Y. 360, 367–368. *Matter of Nimphius (Greyhound Corp.)* 8 Misc. 2d (N. Y.) 378, 381.

(d) The defendants argue that both contracts were no longer in existence on the date when arbitration was demanded, because the plaintiff had not submitted shipping instructions in February as called for by the written contracts. The question of breach, however, was one of the principal issues to be arbitrated. The defendants could not by unilateral action cut off operation of the arbitration clause. *Matter of Lipman (Haeuser Shellac Co.)* 289 N. Y. 76, 80. *Reconstruction Finance Corp.* v. *Harrisons & Crosfield Ltd.* 204 Fed. (2d) 366, 368 (C. A. 2). *Mulcahy* v. *Whitehill,* 48 Fed. Sup. 917, 919–920 (D. C. Mass.).

The basic issues are relatively simple: actual consent to jurisdiction, power to enforce an award, and full faith and credit to a foreign judgment. The defendants, however, have chosen to present a number of arguments collateral to the main issues. Many of these arguments, even if open, would not merit discussion. For example, Association rule 39 provides that notice of any motion for the entry of judgment on an award may be served by mail "provided that reasonable opportunity to be heard . . . has been granted." Because of certain rulings of the arbitrator the defendants appear to contend that there was a violation of that rule. A requirement of reasonable opportunity to be heard is not a guaranty of a correctness of all the rulings in the tribunal hearing the matter. It connotes that there be reasonable notice of the proceeding and the affording of an opportunity to be heard. See Restatement: Conflict of Laws, §§ 72, 75, 100, 429; Restatement: Judgments, § 4. "A valid foreign judgment will not be denied recognition because of error of law or of fact in the proceedings before judgment" (Restatement: Conflict of Laws, § 431) or "because the procedural law of the state where the judgment was rendered was violated in the proceedings before judgment." Restatement: Conflict of Laws, § 432.

The arbitrator correctly stated the New York law in advising the defendants' counsel that participation in the hearing on the merits, such as by cross-examining witnesses, would be a waiver of any objections to jurisdiction. *Harris v. East India Trading Co. Inc.* 144 N. Y. Sup. (2d) 894, 897–898. The defendants' subsequent participation would be a sufficient ground upon which to rest our decision. Furthermore, thereafter the defendants had an opportunity to raise any questions relating to the conduct of the arbitration in the Supreme Court of New York. This they failed to do, and they cannot raise them now.

We have considered all the points argued by the defendants and have discussed at least all we think worthy of discussion.

*Order for judgment affirmed.*