372 P.2d 801

**Harold ROBINSON, Plaintiff-Appellant,**

v.

**NAVAJO FREIGHT LINES, INC.,
a corporation, Defendant-
Appellee.**

No. 6854.

Supreme Court of New Mexico.

March 27, 1962.

Rehearing Denied July 25, 1962.

Schall & Sceresse, Donald R. Fowler, Albuquerque, for appellant.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellee.

CHAVEZ, Justice.

Appellant, Harold Robinson, employed as a truck driver by appellee, Navajo Freight

Lines, Inc., a corporation, filed suit in Bernalillo County to set aside an arbitrator's award which upheld appellant's discharge from his employment. The trial court found the issues generally for appellee and entered judgment dismissing appellant's complaint. This appeal is from that judgment.

The record discloses that appellant, a long-line truck driver employed by appellee, was a member of Local 492 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, hereinafter referred to as "Teamsters," and was involved in a truck accident which occurred in Tucumcari, New Mexico, on August 7, 1958. Donald V. Thorn, the operations manager of appellee freight lines, was notified of the accident and went to Tucumcari to investigate said accident. Appellant returned to Albuquerque on August 7, 1958, and Thorn returned to Albuquerque on the morning of August 8, 1958. Thorn then advised Robinson that his services as an employee of appellee were then and there terminated.

On the morning of August 9, 1958, John LaNear, the president of Local 492, telephoned Thorn advising him that the Local was aggrieved over the firing of appellant and requested that the dispute be arbitrated pursuant to the established procedure followed by Local 492. Appellee and John LaNear orally agreed that said dispute and

grievance would be arbitrated by Henry Weihofen on the afternoon of August 11, 1958, and on said date John LaNear appeared at said hearing, accompanied by appellant, and each party submitted to said arbitrator such facts, evidence and arguments as each party possessed. At no time did appellant or LaNear ask for a postponement or for additional time to bring in further evidence or witnesses.

On August 13, 1958, the arbitrator filed his report and found, among other things, that appellant was discharged for what appellee deemed an accident chargeable to appellant, i. e., driving at excessive speed, and that the evidence did not show that appellee was wrong in its judgment that the accident was due to appellant's fault. The arbitrator found that there was insufficient basis for interfering with appellee's judgment of the penalty to be imposed.

Appellant's complaint alleged, and it was admitted by appellee, that there was an oral agreement between appellant's union and appellee to arbitrate disputed matters, and that the agreement includes disputes over the firing of an employee. Appellant offered proof that the arbitration was held at John LaNear's request and that Henry Weihofen, the arbitrator, was not sworn.

The record discloses that on June 23, 1959, appellant filed in the clerk's office a request for admissions, pursuant to Rule 36. Said

request called upon appellee to admit, within ten days after service of the request, that the quotation set out in appellant's request was a true and correct quotation from the Western States Area Over-The-Road Master Freight Agreement for the period of May 1, 1958 through June 30, 1961, and that the agreement included the state of New Mexico and is the master contract in existence between appellee and Local 492 of Teamsters. Article VI, "Disputes Procedure" was attached to said request for admissions.

The record also discloses that on July 20, 1959, there was filed in the clerk's office an answer to request for admissions, unsworn and signed by appellee's attorneys, in which appellee denied that there was a master contract between appellee and Local 492 of Teamsters at the time of the dispute alleged in the complaint. The copy served on appellant was mailed January 16, 1959.

The trial court made the following findings of fact and conclusions of law:

"Findings of Fact

"1. That on the 7th day of August, 1958, plaintiff while employed as a long-line driver for defendant, was involved in an accident near Tucumcari, New Mexico; thereupon on investigation by defendant's representatives and agents, plaintiff was found at fault for the accident and his services for the defendant were terminated, it being one of several accidents involving plaintiff's driving.

"2. That plaintiff, feeling aggrieved, consulted John LaNear on or about August 9, 1958, as president and general business manager of Local No. 492 of the Teamsters, Chauffeurs, Warehousemen and Helpers International Brotherhood.

"3. That in the presence of the plaintiff and acting as plaintiff's representative, the said John LaNear called Don V. Thorn, local manager of the defendant company, and arranged for an arbitration hearing on Monday afternoon, August 11, 1958, to review said discharge.

"4. That under an oral agreement between Local 492 and the defendant company, all disputes were subject to being submitted to arbitration before a single arbitrator by either party, and each party agreed to be bound by the findings of the arbitrator; that employees, with the Local, and the company, prior to the plaintiff's case, had arbitrated a half-dozen or more similar disputes in like manner without objection.

"5. On the afternoon of August 11, 1958, the parties appeared with their witnesses and at a hearing before Mr. Henry Weihofen, Professor of Law at the University of New Mexico, who

had been mutually agreed upon by the parties as arbitrator, each of the parties submitted his evidence, and Mr. Weihofen, after hearing said evidence, entered a written opinion, copy of which is attached to plaintiff's complaint, generally in favor of defendant.

"6. That Mr. Weihofen was not put under oath prior to the arbitration proceedings, nor did he take an oath as arbitrator.

"7. That neither party on August 11, 1958, or prior thereto, made any objection to Mr. Weihofen serving as arbitrator, made any objections to his hearing the matter on the afternoon of August 11, 1958, nor did either party request that he be placed under oath.

"8. That plaintiff willingly and without objection participated in the arbitration hearing.

"Conclusions of Law

"1. The common law does not require an arbitrator to be sworn. Sec. 22–3–1 et seq., N.M.S.A., 1953 Comp., refers to a court proceeding and is limited to such proceeding and cannot be construed as governing such a proceeding as is involved in this case.

"2. Plaintiff is now estopped from complaining to this court.

"3. Plaintiff waived any requirement of an oath."

Appellant's first point upon which he seeks a reversal is that the trial court erred in not enforcing the agreement of May 1, 1958, referred to as the master contract. This is the contract referred to in appellant's request for admissions and is the agreement which appellant contends abrogated the 1955 contract and superseded the oral agreement by which disputes had formerly been governed. Appellant's position is based upon the fact that appellee's answer to request for admissions was unsworn and untimely filed, citing Sieb's Hatcheries, Inc. v. Lindley, 8 Cir., 13 F.R. D. 113, and that it was an evasion, Aktiengesellschaft Der Harlander, Etc. v. Lawrence Walker Cotton Co. Inc., 60 N.M. 154, 288 P.2d 691. It is clear that, under our Rule 36 and the identical federal rule, either the unexcused late filing of an answer to requests for admissions or the filing of an unsworn answer is equivalent to the filing of no answer according to the terms of the rule itself and to innumerable decisions on the question, always providing, of course, correct procedure was complied with in making these requests for admissions. The procedure set forth in the rules must be strictly followed. United States v. Brandt, (D.C.D.Mont.1948), 8 F.R.D. 163; Timmons v. United States, (4 C.C.A.1952), 194 F.2d 357. Therefore, we need not consider appellant's claim that the answer filed was equivocal or an evasion.

Rule 36, Rules of the District Courts of the State of New Mexico, provides as follows:

"(a) Request For Admission. After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant document described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. If a plaintiff desires to submit a request within fifteen days after commencement of the action leave of court, granted with or without notice, must be obtained. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after service thereof or within such longer or shorter time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part of a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.

"(b) Effect Of Admission. Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."

■ However true the above rules of law are, they do not aid appellant. We do not here discuss the issue of whether the record is adequate in showing proof of service by appellant upon appellee, although we comment in passing that the record is incomplete in that it does not set out the actual certificate of mailing, the terms of which would be a prerequisite to proving proper service. Nor do we come to the actual question of whether the

fact that the unsworn copy filed in the clerk's office necessarily indicates that the copy served upon appellant was unsworn. Gilbert v. General Motors Corporation, (2 C.C.A.1943), 133 F.2d 997, cert. den. 319 U.S. 743, 68 S.Ct. 1031, 87 L.Ed. 1700. It is the copy served upon appellant that must be sworn. Rule 36; Gilbert v. General Motors Corporation, supra. In one case, however, this requirement was waived since the copy in the clerk's office showed that that copy had been verified, the opinion being based evidently on the ground of inadvertence or lack of prejudice. Hopsdal v. Loewenstein, (D.C.N.D. Ill., 1945), 7 F.R.D. 263, 9 F.R.Serv. 36a.54, case 1.

■ There is a more basic and incurable error inherent in appellant's position, in that the request for admissions and the response thereto were not introduced in evidence. Rule 36 is not self-executing. In Gilbert v. General Motors Corporation, supra, the court stated:

"* * * The rule is not self executing and if one would take advantage of its provisions all the facts necessary to invoke the consequences must be made in some way to appear. That answers not sworn to were filed in the office of the clerk below is a fact which we may notice but that does not show that answers under oath were not duly served on the plaintiff as

the rule contemplates. We have no reason to believe that they were but in the absence of a record which shows affirmatively that they were not the plaintiff has failed to lay the needed foundation for asserting that the requests were not answered under oath."

■ Also, requests for admissions and a sworn response thereto are not pleadings, but evidence which is submitted after the pleadings are closed. Gilbert v. General Motors Corporation, supra. The request and the response do not relate to the issues to be heard and determined, but pertain to the manner or necessity of proof of the matters of fact set forth in the request. It is for the trial court to determine whether defendant's sworn statement relieves plaintiff of the necessity for proof of all or some of the matters of fact as are deemed to be necessary to plaintiff's recovery. All necessary facts not admitted must be proved at the trial. In the case of denial, it may be necessary in a particular case for the trial court to determine whether the sworn statement puts in issue the facts therein denied. It does no more than limit the scope of proof to controverted matters of fact. Van Horne v. Hines, D.C., 31 F.Supp. 346. While requests for admissions and responses thereto are part of the entire record, in the sense that any interrogatory or deposition becomes a part of the record because all

are filed in the clerk's office under the requirements of Rule 5(d), Rules of the District Courts of the State of New Mexico, they do not become part of the trial record proper until introduced in evidence. As evidence, they are subject, as are depositions and interrogatories, to the rules of admissibility; and as evidence, they must be tendered under the usual formal rules for introducing evidence.

■ The record shows that appellant, evidently under the misapprehension that Rule 36 was self-executing and that nothing was needed to make his request for admissions part of the trial record itself, did nothing to tender this request into the record. A careful examination of the earlier motions for summary judgment likewise indicates that, because of the time sequence, the request could not have been a part of the documents contained therein. The only times, therefore, that appellant could have introduced this evidence were (1) when appellant's attorney made his initial tender of proof as to what the case involved, at which time he outlined the testimony he intended to adduce but said nothing of the master agreement, presumably following his original theory set out in his complaint; and (2) at the close of the hearing in the district court on February 26, 1960, when the following exchange occurred:

"MR. McATEE: We offer Defendant's Exhibit 1, Interstate Long Line Wage Agreement in evidence.

"MR. SCHALL: We object to this exhibit being received in evidence because of the admission in the record to the effect that the exhibit attached to the Request for Admissions was the Agreement in effect between the parties at the time.

"THE COURT: I am going to accept it for whatever it is worth.

"MR. McATEE: May we state one other thing. That so-called 492, Union 492, has never at any time subscribed to the Master Over-The-Road Agreement.

"MR. SCHALL: This is objected to because part of the request for admissions calls for the fact that it is included,—the contract itself, so shows, and as far as this case is concerned that is a fact of this case."

Furthermore, at no time was the 1958 contract itself, or a copy thereof, offered in evidence. As appellee points out in his brief, appellant simply failed to prove his contention.

■ Absent any evidence in the trial record concerning the existence of the alleged master agreement, appellant's attack on the trial court's findings of fact and conclusions of law, as being unsupported by

substantial evidence, must fail. The trial court, after weighing the evidence in the record, found that the arbitration hearing was held pursuant to an oral agreement and there is substantial evidence in the record to support this finding.

Appellant's last point is that the trial court erred in not setting aside the arbitrator's award because the arbitrator was not sworn. Appellant relies upon our arbitration statute which was approved January 16, 1860, Laws 1859–1860, and particularly § 3 thereof, being § 22–3–3, N.M. S.A., 1953 Comp., which provides:

"22–3–3. Duties of arbitrators—Oath.—The persons appointed as arbitrators to decide and settle any matters submitted to them, amicably and in good faith, shall consider in the most serious manner the matter in question; but, before they shall act as such, they shall take an oath, as well the arbitrators as the umpire, that neither for hatred, enmity, affection, fear, gifts, promises nor for any other cause, will they fail to comply faithfully with their function according to the best of their knowledge and abilities; which oath shall be taken before some justice of the peace, judge of probate or district judge, and the judge before whom it is taken, shall file the same."

There are two other pertinent sections of our statute, being §§ 22–3–1 and 22–3–6, N.M.S.A., 1953 Comp., as follows:

"22–3–1. Right of litigants to arbitrate.—All litigants in the state of New Mexico shall have the right, whenever they shall so desire, to terminate their suits, in whatever condition they may be, in any court of this state, by means of arbitrators, according to the provisions of this chapter [22–3–1 to 22–3–8]."

and

"22–3–6. Arbitration before suit brought.—Any question or difficulty that might result in a suit, may be submitted for decision and amicable settlement in the manner prescribed in this chapter [22–3–1 to 22–3–8], before an action shall be brought thereon."

Our arbitration statute provides a method or procedure for litigants to arbitrate their suits or difficulties. However, nothing is said in our statute that common-law arbitrations are abolished. Thus, both methods of arbitration may exist, one under the statute and the other under the common law. They do not conflict with each other. McClelland v. Hammond, 12 Colo.App. 82, 54 P. 538.

The only arbitration case in New Mexico that we have found is Moore v. Collins, 24 N.M. 235, 173 P. 547. In that case there was no written arbitration agreement between the parties and it was con-

tended that there was a failure to prove submission to arbitration and award. This court rejected the argument stating:

> "From another portion of the evidence of the same witness it would seem to be clear that there was either a submission of the property in question to the arbitrators for award, or, at least, an acquiescence in the disposition of the property by the arbitrators.
>
> \* \* \*"

■ The rule that arbitrators need not be sworn at common law is found in 3 Am.Jur., Arbitration and Award, § 105, p. 932, as follows:

> "At common law, it was never necessary that the arbitrators be sworn before entering upon their duties, except pursuant to an express requirement in the agreement of submission.
>
> \* \* \*
>
> "If the statute requiring the oath has reference to procedure on written submissions, it is not construed to require it where the submission is oral. Logically, it would appear that failure to comply with a statute requiring an arbitrator's oath, which was enacted with reference to statutory arbitrations, would not affect the validity of a proceeding as a common-law arbitration. \* \* \*"

In another Colorado case, Lilley v. Tuttle, 52 Colo. 121, 117 P. 896, the court said:

> "The contention that the arbitrators proceeded without having first taken an oath is not sustained by the authorities, as to a common-law arbitration. In vol. 3, Cyc. at page 622, it is said: 'The authority to act as arbitrator under a submission at common law does not require that the arbitrators should be sworn, unless it is stipulated in the agreement to arbitrate that such oath shall be administered.' In vol. 2, Am. & Eng. Enc. of Law (2d Ed.), at page 639, it is said: 'An arbitrator need not be sworn at the common law.' This rule is still recognized. [Southern Live Stock] Insurance Company v. Benjamin, 113 Ga. 1088, 39 S.E. 489."

There is another reason why appellant cannot prevail on this point. The parties to this suit, at the request of appellant's agent, Mr. LaNear, the president of Local 492, orally agreed to arbitrate the dispute. Appellant and LaNear appeared at the arbitration hearing. Both parties presented evidence and submitted their case to the arbitrator, a law professor at the University of New Mexico. Nothing was said by appellant and no objection was made, either before or during the hear-

ing, that the arbitrator was not sworn. No request was made that an oath be administered to the arbitrator.

It has been held that a party participating without objection in a hearing before an arbitrator who was not sworn constitutes a waiver of the right to insist upon the oath. Newcomb v. Wood, 97 U.S. 581, 24 L.Ed. 1085. See also Cassara v. Wofford, (Fla.1951), 55 So.2d 102.

The rule that the oath requirement may be waived is stated in 6 C.J.S. Arbitration and Award § 47(c), p. 189, as follows:

"Although it is sometimes held that the oath required by statute to be taken by arbitrators is a prerequisite to the exercise of jurisdiction in that their authority to act is derived from the statute requiring the oath, and cannot be dispensed with, or waived by, the parties, it is the general rule that such a requirement may be waived, because the authority of arbitrators to act under a statute requiring an oath to be taken is derived, not from the statute, but from the agreement to submit to arbitration, and the oath is merely pre-

scribed for the benefit of the parties to secure to them, if they desire it, a greater obligation on the part of the arbitrators to discharge faithfully their duties. * * *"

In Rickman v. White, (Mo.App., 1924), 266 S.W. 997, also cited by appellant, the court said:

"While in all arbitrations, whether at common law, which may be oral, or under the statute, which requires that the agreement and award be in writing, the arbitrators and the witnesses must be sworn, yet that requirement may be waived, and a party who, with knowledge of the facts, proceeds without objection or request that oaths be administered, waives it. * * *"

For the reasons herein expressed, the judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.

CARMODY and NOBLE, JJ., not participating.