396 P.2d 590

**DESIGN ENGINEERING CORPORATION, Plaintiff-Appellee,**

v.

**Bobby E. JENKINS and Dee L. Stevenson, Defendants-Appellants.**

**No. 7516.**

Supreme Court of New Mexico.

Nov. 9, 1964.

David G. Housman, Albuquerque, for appellants.

C. LeRoy Hansen, Alfred H. McRae, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an appeal from a summary judgment. On May 8, 1962, the parties entered into an agreement whereby appellee was to perform engineering and architectural services for the appellants. The contract includes a clause which reads:

"4B. Arbitration: Arbitration of all questions in dispute under this agreement shall be at the choice of either

party and shall be in accordance with the Rules of the American Arbitration Association. This agreement shall be specifically enforceable under the prevailing arbitration laws and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. The decision of the arbitrators shall be a condition precedent to the right of any legal action."

Subsequently, on December 28, 1962, the appellee served the appellants with a demand for arbitration, asserting that disputed questions under the contract had arisen between the parties. The demand listed the questions in controversy thusly:

"The consideration for said services were defined in the contract as (1) preliminary—1½% based upon the preliminary cost estimate, and (2) contract documents—2%, based upon final cost estimate. Said payments were to be made monthly. Engineer completed said preliminaries and contract documents, entitling it to 3½% of said cost estimate and the materials were delivered to and accepted by Owner; the project was thereafter abandoned by Owner.

"The estimated construction cost totaled $750,000, 3½% of which, together with school tax, amounted to $27,037.50. Engineer billed Owner in said amount of which sum of $7,500 has been paid, leaving a balance of $19,537.-50, which is the amount in controversy.

"Owner has asserted the work was not completed as per contract time schedule, which Engineer denies, and has further asserted that a notation on a voucher type check used to make the $7,500 payment to Engineer constituted an accord and settlement, which Engineer denies."

An arbitrator was selected and a hearing was scheduled by him. Before proceeding to a hearing on the questions raised, appellants moved for a dismissal of the hearing on the basis of accord and satisfaction by reason of the notation appearing on the voucher type check for $7,500.00 delivered to appellee. The notation reads:

"10 August 1962 Payment in full for plans on luxury apartments drawn for Jenkins Construction Company and to be used by Monarch Manor Homes, Inc."

The motion was denied and a complete hearing was conducted by the arbitrator at which the appellants testified at length, examined and cross-examined witnesses with regard to the amount in controversy and the circumstances under which the notation on the check was made. The arbitrator determined all issues in favor of appellee and made the award complained of and, upon appellants refusal to pay, this action was brought to enforce the award.

It is appellants' contention that acceptance of the check bearing the notation constitutes accord and satisfaction of the indebtedness allegedly due; and that accord and satisfaction could not become a disputed question under the contract. They claim further that since accord and satisfaction raises an issue of material fact, it cannot be determined by summary judgment.

The trouble with the position taken by appellants is that the issue of accord and satisfaction was submitted to, heard and disposed of by arbitration. By participating therein they effectively submitted the question of accord and satisfaction, and are conclusively bound by the award. In Forrest v. Hotel Conquistador, Inc., 193 Cal.App.2d 503, 14 Cal.Rptr. 349, quoting from its earlier case of Dugan v. Phillips, 77 Cal. App. 268, 246 P. 566, the court said:

"* * * 'He appeared before the committee and presented his side of the controversy. Had the award been in his favor he doubtless would have insisted that the plaintiff was bound by it. A party cannot be allowed thus to speculate upon the action of the arbitrators and then refuse to be bound by an adverse award. "Participation in the arbitration proceedings is of itself evidence of the party's prior agreement to submit." ' "

Compare Robinson v. Navajo Freight Lines, Inc., 70 N.M. 215, 372 P.2d 801; Moore v. Collins, 24 N.M. 235, 173 P. 547; Samincorp South American Minerals & Merchandise Corp. v. Lewis, 337 Mass. 298, 149 N.E.2d 385; Forrest v. Hotel Conquistador, Inc., supra; Dugan v. Phillips, supra; Lipman v. Haeuser Shellac Co., Inc., 289 N.Y. 76, 43 N.E.2d 817, 142 A.L.R. 1088.

It is our conclusion that since the issue of accord and satisfaction was submitted, the judgment must be affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.