485 P.2d 358

Matias L. CHACON, as Administrator of the Estate of Henry C. Salazar, Sr., Deceased, Plaintiff-Appellant,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Defendant-Appellee.

No. 580.

Court of Appeals of New Mexico.

April 9, 1971.

Rehearing Denied May 6, 1971.

Joseph A. Roberts, Chavez & Roberts, Santa Fe, for plaintiff-appellant.

Bob Barberousse, Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendant-appellee.

OPINION

SPIESS, Chief Judge.

Matias L. Chacon, Administrator of the estate of Henry C. Salazar, Sr., deceased (appellant), appeals from the granting of summary judgment in an action against Mountain States Mutual Casualty Company (Mountain States). Questions presented upon appeal are (1) whether there existed disputed questions of material fact, and (2) whether the facts, if undisputed, would support the summary judgment.

Appellant's complaint was based upon a contention that appellee, Mountain States, had acted in bad faith in resorting to arbitration to secure a determination of its liability under uninsured motorists coverage, which resulted in appellant's damage.

In considering the motion for summary judgment the trial court had before it the pleadings, affidavits, together with exhibits which formed a part of the pleadings and the affidavits. The uncontroverted material facts before the court are as follows: Mountain States issued a policy of automobile insurance to Salazar, Sr. The policy provided uninsured motorist coverage to the limit of $5,000.00, and contained an arbitration clause which could be resorted to at the option of either party in the event of disagreement with respect to the right

or amount of recovery under the uninsured motorist provision. The arbitration clause provides:

"ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this part."

While this policy was in force the insured, Salazar, Sr., became involved in an automobile accident with one Serrano. No settlement having been effected between Salazar, Sr. and Serrano, or between Salazar, Sr. and Mountain States under the uninsured motorist provision of the policy, Henry C. Salazar, Jr., the son of the insured, completed forms calling for arbitration as between the insured and Mountain States. These forms were mailed, together with a check in the sum of $50.00, to American Arbitration Association. The Association declined, however, to proceed with arbitration and the check was destroyed. There is no showing as to why the Association declined to proceed with the arbitration.

Thereafter, an attorney representing the insured, Salazar, Sr., wrote Mountain States asking its permission "to sue the uninsured motorist in order to establish liability." Mountain States declined to authorize such suit indicating that the rights of the parties were governed by the arbitration clause.

Thereupon, Henry C. Salazar, Jr., designating himself as a representative of Salazar, Sr., deceased, commenced an action in the district court of Rio Arriba County numbered 10102, for recovery of damages against Serrano. To this action Mountain States was joined as a party defendant under an allegation that it (Mountain States) " * * * is deemed a necessary and indispensable party defendant should recovery be made by the Plaintiff against the defendant, SAMMY MANUEL SERRANO." Mountain States moved to dismiss the complaint as to it on the ground that the complaint " * * * fails to state a cause of action against Mountain States Casualty Company upon which relief can be granted."

A demand for arbitration was then made by Mountain States as against Salazar, Sr. Notice of the time and place of hearing was given by the arbitrator to the interested parties, hearing was held and an award in favor of Mountain States and against Salazar, Sr., was made upon a finding that " * * * the sole cause of the accident in question was the negligent operation of a motor vehicle by the Respondent, Henry C. Salazar, Sr. * * * " The award was not challenged.

Thereafter an order was entered in Cause No. 10102 granting Mountain States' motion and dismissing the action as to it, from which no appeal was taken.

Appellant states: "The crucial issue in this matter is the issue of bad faith by the Defendant insurance company in resorting to arbitration because of a possible counterclaim. It is the contention of appellant that this action of bad faith by appellee (Mountain States) prevented a judicial determination and the possible recovery of damages over and above $5,000.00 against Sammy Manuel Serrano."

We do not understand that resorting to arbitration as between Mountain States and appellant could have prevented a judicial determination of liability and damage between the appellant and Serrano. There is nothing in the policy before us indicat-

ing that consent on the part of Mountain States is essential to the maintenance of such action. The policy simply provides that:

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."

We see no reason, nor has any been suggested to us indicating that resort to arbitration on the part of Mountain States would affect its liability to defend a claim or counterclaim which might have been asserted by Serrano against appellant. The arbitration proceedings demanded by Mountain States and to which the interested parties, including appellant, participated and in which an award was made, did prevent a judicial determination as between appellant and Mountain States. Design Engineering Corporation v. Jenkins, 74 N. M. 603, 396 P.2d 590 (1964).

■ In our view, the record upon which the summary judgment was entered contains nothing from which it could reasonably be said that Mountain States was actuated through bad faith in resorting to arbitration. No facts, in our opinion, are disclosed which can reasonably be interpreted as indicating bad faith on the part of Mountain States. Conduct to be characterized as bad faith must be based upon unfaithfulness to a duty of an obligation that is owing. Cernocky v. Indemnity Insurance Company of North America, 69 Ill.App.2d 196, 216 N.E.2d 198 (1966).

■ It seems to us that Mountain States had no duty or obligation to submit the issue of liability as between it and appellant to a court rather than through arbitration as specified in the policy, nor can it be charged with bad faith in pursuing the ar-

bitration proceeding to which appellant participated.

In support of his position appellant has cited Levy v. American Automobile Insurance Co., 31 Ill.App.2d 157, 175 N.E.2d 607 (1961), and Andeen v. Country Mutual Insurance Company, 70 Ill.App.2d 357, 217 N.E.2d 814 (1966).

In *Levy* the question presented and determined was whether plaintiff's action in reducing his claim to judgment against the uninsured motorist without first obtaining the written consent of the insurance company as required by the terms of the policy was valid. The parties had negotiated but refused to arbitrate. Thereafter the plaintiff had sued the uninsured party without obtaining consent of the insurance company and had reduced his claim to judgment establishing liability on the part of the uninsured motorist. It is apparent that the facts and issues in *Levy* do not involve any issue in the case at bar.

In *Andeen* the assured, without obtaining consent of the insurance company, obtained a judgment against the uninsured motorist. The insurance company contended that it was not liable because judgment had been entered against the uninsured motorist without its consent. This contention was based upon the language of the policy involved which is not similar to the policy in the case at bar. It was likewise contended that the judgment against the uninsured motorist was not binding upon the insurance company. As to this contention the court pointed out that the policy contained no such provision. The questions determined in *Andeen* are not before us in the case at bar.

A number of other cases have been cited by appellant some of which relate to the failure or refusal of an insurance company to settle a claim within the policy limits. Others, although involving uninsured motorist coverage do not, in our opinion, lend support to appellant's position here.

Appellant has cited a number of incidents from which he says conflicting infer-

ences as to bad faith on the part of Mountain States can reasonably be drawn thus precluding summary judgment. Hewitt-Robins, Inc. v. Lea County Sand and Gravel, Inc., 70 N.M. 144, 371 P.2d 795 (1962).

We have carefully considered each of these incidents and do not agree that an inference, or inferences of bad faith on the part of Mountain States can reasonably be drawn therefrom.

■ Appellant next contends that " * * * the evidence before the Court, regardless of inferences, would support a finding by the Trial Court that Defendant was not entitled to judgment as a matter of law."

He argues that agreements to arbitrate future disputes are void as against public policy, citing State ex rel. Duke City Lumber Company v. Wood, 81 N.M. 285, 466 P.2d 562 (1970).

Appellant takes the position that in view of this case " * * * the only proper way to determine a party's rights under the facts that are before the Court is to bring the matter to a judicial determination." We disagree.

In the *Duke City Lumber Company* case the court was called upon to enforce an agreement to arbitrate against the will of one of the parties to the agreement. In the present case a completed arbitration had occurred, both parties having participated and submitted their "proofs and allegations" to the arbitrator and an award was made.

This situation falls within Design Engineer Corporation v. Jenkins, supra, holding that parties under such circumstances are conclusively bound by the award. Hence, having participated in the proceedings appellant is in no position upon the grounds stated to challenge the proceedings or award.

In our opinion, the summary judgment was properly rendered and it should be affirmed.

It is so ordered.

HENDLEY, J., and DEE C. BLYTHE, District Judge, concur.