521 P.2d 1159

Harry APODACA d/b/a Chama Appliance Center, Plaintiff-Appellee,

v.

James P. GORDON, Jr., Defendant-Appellant.

No. 1345.

Court of Appeals of New Mexico.
April 10, 1974.

Jerrald J. Roehl, Johnson, Paulantis & Lanphere, Albuquerque, for defendant-appellant.

James M. Scarborough, Scarborough & Scarborough, Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Plaintiff sued defendant for wrongfully stopping payment on a check. On April 23, 1973, defendant mailed to plaintiff's

counsel a request for admissions pursuant to N.M.R.Civ.P. 36, § 21-1-1(36), N.M.S.A.1953 (Repl.Vol. 4). The request was filed in district court on April 30, 1973. On May 23, 1973, defendant filed a motion for summary judgment contending that the matters in the request should be deemed admitted and that the alleged admissions concluded the case in his favor. On May 30, 1973, the plaintiff responded to the request. The trial court denied the motion for summary judgment and a later motion to strike the response.

Defendant has taken an interlocutory appeal pursuant to § 21-10-3, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973), contending that the motions should have been granted. The dispositive issue is whether the response to the request for admissions was timely. The court in Robinson v. Navajo Freight Lines, Inc., 70 N.M. 215, 372 P.2d 801 (1962), stated that the unexcused, late filing of a response is equivalent to no response whatsoever.

The pertinent part of Rule 36(a) states:

". . . Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten [10] days after service thereof or within such longer or shorter time as the court may allow on motion and notice, the party to whom the request is directed [responds]. . . ."

The request for admissions failed to designate a period for plaintiff's response.

Defendant argues that when no period is designated, the rule itself sets a ten day period for a response. Plaintiff argues that a response need only be made within a reasonable time, if at all. The authorities are divided. Compare Hunter v. International Systems & Controls Corp., 56 F.R.D. 617 (W.D.Mo.1972); Trabon Engineering Corp. v. Eaton Manufacturing Co., 37 F.R.D. 51 (N.D.Ohio 1964); Bowles v. Soverinsky, 65 F.Supp. 808 (E.D.Mich.1946); Morris v. Wm. J. Duggan Co., 3 F.R.D. 39 (D.C.Mass.1942); Campbell v. Blue, 80 So.2d 316 (Fla.1955); Bromberg v. Finnell, 80 Nev. 189, 391 P.2d 31 (1964), cert. denied, 379 U.S. 988, 85 S.Ct. 700, 13 L.Ed.2d 610 (1965); with Mangan v. Broderick & Bascom Rope Company, 351 F.2d 24 (7th Cir. 1965), cert. denied, 383 U.S. 926, 86 S.Ct. 930, 15 L.Ed.2d 846 (1966); Hopsdal v. Loewenstein, 7 F.R.D. 263 (N.D.Ill.1945); Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., 1 F.R.D. 178 (E.D.N.Y.1940); Kraus v. General Motors Corporation, 29 F.Supp. 430 (S.D.N.Y.1939); also see Annot., 93 A.L.R.2d 757 (1964).

The rule provides two methods by which the requesting party can have the time period designated—specification in the request and motion and notice. The rule indicates that the reference to "ten [10] days" is merely a limitation on the former method which is not applicable if the latter method is employed.

In view of the defendant's failure to employ either method, the plaintiff cannot be held accountable if he responded within a reasonable time. There is nothing in this record to indicate that the time taken to respond was unreasonable. In fact, the contrary is shown when the trial court stated ". . . I am going to find that for good cause the answers to the request for admissions were filed timely. . . ." The trial court correctly denied the motions.

Since we hold that plaintiff's response was timely, we need not reach the questions of excusable delay, prejudice and summary judgment. The judgment is affirmed.

It is so ordered.

HENDLEY, J., concurs.

HERNANDEZ, J., dissents.

HERNANDEZ, Judge (dissenting).

I respectfully dissent. I acknowledge that language the same as or similar to our Rule 36(a) has been interpreted by other courts as providing that a response within a reasonable time is all that is required if no set time is specified in the request.

One of the main purposes of this rule is to expedite the trial of a case by allowing material facts to be established without the necessity of time consuming proof at trial. This purpose is frustrated by the interpretation proposed by the majority.

I also believe that this interpretation is contrary to that intended by our Supreme Court in Robinson v. Navajo Freight Lines, Inc., supra, in which it was stated: "It is clear that, under our Rule 36 and the identical federal rule, either the unexcused late filing of an answer to requests for admissions or the filing of an unsworn answer is equivalent to the filing of no answer according to the terms of the rule itself . . ." Because no reasonable excuse was shown for the plaintiff's failure to answer, the request in my opinion constituted a willful disregard of an obligation set forth in the rules. And since the facts, if admitted, are dispositive of the case, summary judgment should have been granted.