## UNITED STATES for Benefit of GENERAL ELECTRIC SUPPLY CORPORATION v. W. E. O'NEIL CONST. CO. et al.

### No. 6234.

District Court, D. Massachusetts.

Jan. 6, 1941.

530

S. A. Dearborn and J. I. Hanflig, both of Boston, Mass., and Jacob H. Tupman, of Lynn, Mass., for Geo. H. Ball Co.

C. Frank Hathaway, of Lynn, Mass., and Everett W. Crawford, of Boston, Mass., for defendants.

Harry C. Mamber and John V. Phelan, both of Lynn, Mass., for Ralph W. Bean.

T. W. Prince, and Mintz, Levin & Cohn, and Benjamin Levin, all of Boston, Mass., for National Iron Works, Inc.

McLELLAN, District Judge.

■ This action came on to be heard upon objections by the defendant to interrogatories of the intervenor. The objections stated are that "the petition to intervene was filed April 26, 1935, that on December 1, 1938, the case was on a pre-trial list and was then ordered on the jury list for the December term of 1938", that under the circumstances the interrogatories are too late and the defendant should not be required to answer them. The Federal Rules of Civil Procedure authorizing ·Interrogatories to Parties (see Rule 33, 28 U.S.C.A. following section 723c) contain no provisions requiring a determination that these interrogatories which were filed in October, 1940, are too late and in the exercise of the Court's discretion, the objections are overruled.

■ The intervenor's motion that the defendant be ordered to answer the interrogatories, also heard today, is denied, because where no answers have been filed, I do not understand this to be the remedy afforded by the Federal Rules of Civil Procedure. The defendant's objections having been overruled, the defendant is granted the usual period of fifteen days in which to serve its answers to the interrogatories and if the defendant fails to do so, the intervenor may then avail itself of Rule 37(d) enabling the Court on motion to enter a judgment by default against the defendant.