## WATER HAMMER ARRESTER CORPORATION v. TOWER.

Civ. No. 756.

District Court, E. D. Wisconsin.

Sept. 25, 1947.

Ralph W. Brown, of Milwaukee, Wis., and Bertram W. Coltman, of Chicago, Ill., for plaintiff.

Elwin A. Andrus, of Milwaukee, Wis., and Harold Olsen, of Chicago, Ill., for defendant.

DUFFY, District Judge.

This is a motion by the plaintiff under Rule 37(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c to require the defendant to pay expenses and attorney fees incurred by the plaintiff in making proof of the truth of matters set forth in its requests for admissions, and which the defendant refused to admit or answered unsatisfactorily.

Rule 37(c), F.R.C.P., provides: "If a party, after being served with a request under Rule 36 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made."

Plaintiff claims that defendant refused to admit the truth of matters set forth in Requests Nos. 12, 13, 14, 20, 21, 24, 29, 30, 31, 33, 37, 38, 39, 40, 45, 52, and 53; that had defendant answered same as the proof later disclosed plaintiff would have been entitled to summary judgment; and that the cost of taking depositions and the cost of the trial would have been avoided had satisfactory answers been made by defendant. Plaintiff then shows that since the date of the filing of the requests to admit and the date of the decree in this action, it incurred attorney fees of $7,535 and disbursements of $1,664.10, or a total of $9,199.10, which sum it now asks this court order the defendant to pay.

This case was unusual. The defendant, a patent attorney, had been employed by the predecessor of plaintiff as its patent counsel. The client disclosed to defendant its claimed invention and gave him various drawings pertaining to the device. After defendant's long and unexplained dalliance in the matter of procuring a patent on said invention, defendant was dismissed as their patent attorney. Defendant thereafter submitted a bill for attorney fees amounting to $12,978.76, and when same was unpaid he filed an application for a patent upon his client's structure and did so without his client's knowledge thereof. After the patent was issued to him, he notified his former client and one of its suppliers they were infringing his patent.

In the opinion rendered in this case on December 16, 1944 (D.C., 66 F.Supp. 732, at page 737), this court said: "But, in any event, defendant is estopped to assert that he is the inventor. Patent attorneys by the very nature of their duties are charged with a confidence and trust of the highest degree.. The law does not favor the filing of an application for letters patent by patent counsel, especially where it relates to the subject matter of his engagement. The relation between the attorney and his client is too sacred to admit even the shadow of abuse. Every doubt will be resolved in favor of the client. * * *"

Particularly because of the circumstances of this case, defendant was under a high duty not to put the plaintiff to any unusual or unnecessary expense in its proof. It was his obligation to answer fairly and fully inquiries pertaining to relevant matters of fact and as to the genuineness of certain documents.

After defendant had refused to answer the requests hereinbefore listed, or his answers were found to be unsatisfactory to the plaintiff, the latter filed a motion that this court compel defendant to make answer. On August 30, 1943, this court handed down a written opinion [1] pointing out that the Federal Rules of Civil Procedure lacked any rule whereby the court could compel an answer to any requests.

---

[1] No opinion for publication.

622

After citing the provisions of Rule 37(c), pertaining to the assessment of costs for failure to answer requests for admissions, this court said: "This court has announced on several occasions that it would not hesitate to sign such an order at any time it appeared that a party unreasonably, and without good cause, had failed to fairly and frankly and without equivocation answer requests to admit."

Pursuant to the provisions of Rule 37(c) this court must now determine whether defendant had good reasons for his denials or that the admissions sought were of no substantial importance; otherwise the rule directs that "the order shall be made."

Certain of the requests to admit, or at least portions thereof, asked for defendant's opinion which he of course was not required to give. On this basis, no penalty should be imposed because of defendant's answer to Requests Nos. 12, 13, 14, 37, 38, and 39. Also his answers would seem to be adequate to Requests Nos. 20 and 40.

Defendant's answers to Requests Nos. 21, 24, 29, 30, 31, and 53 were not complete, fair and frank as was his obligation in this case. While they partially answered the respective requests truthfully, their greatest fault lay in what they failed to reveal.

I see no reason why defendant should not have satisfactorily answered Requests Nos. 33, 45, and 52. It is, therefore, the duty of the court, under the rule, to order the payment of the reasonable expenses and attorney fees involved in making the proof covered by such requests.

As a practical matter, it would be difficult to ascertain with mathematical certainty the costs which the plaintiff incurred in making proof because of defendant's failure to answer Requests Nos. 33, 45, and 52, and defendant's proper partial share of the cost because of his hedging answers to Requests Nos. 21, 24, 29, 30, 31, and 53. Therefore, an order may be entered ordering that the defendant pay to plaintiff $1,000 as attorney fees, which sum will include any disbursements of the plaintiff which might be reimbursed in accordance with Rule 37(c).