CREEDON v. ARIELLY.

Civ. A. No. 3351.

District Court, W. D. New York.

March 19, 1948.

Sylvan D. Freeman, of New York City, for plaintiff.

William L. Clay, of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

This action is brought under the Emergency Price Control Act of 1942, § 1 et seq., as amended, 50 U.S.C.A.Appendix, § 901 et seq., and Executive Order No. 9809, 50 U.S. C.A.Appendix, § 601 note. The complaint alleges that, at all times therein mentioned, defendant was landlord and operated premises containing housing accommodations at Fairport, N. Y.; that the maximum legal rent of premises occupied by tenant Thomas Hook is and was $20 a month; that, from January 1, 1946, to June 30, 1946, and from July 26, 1946, to November 1, 1946, defendant demanded and received from him $30 a month, making an overcharge of $90. Plaintiff demands an injunction restraining overcharging and also judgment for $270.

Defendant's answer comprises general denials. His demand for a jury trial was denied.

Plaintiff has moved for summary judgment and for an order permitting amendment of the complaint so as to include additional paragraphs demanding the following relief—1 (a) an order directing defendant to refund to tenants entitled thereto all monies paid by them in excess of maximum legal rents; 1 (b) judgment on behalf of United States for three times the amount of overcharges as set forth in complaint, or for twice the amount if the court orders restitution; 2. an order directing defendant to refund to tenant Mrs. Thomas Hook $120, comprising rent overcharges from December 26, 1945, to November 1, 1946; 3. judgment in favor of United States for $270, being three times amount of rent overcharges, and, if the court orders restitution of said $120, then a judg-

ment for $180, representing twice the amount of such overcharge; 4. a decree enjoining defendant from demanding or receiving rents in excess of legal maximum; 5. If summary judgment is not rendered and a trial is necessary, that the court, at the hearing of the motion, by examining the pleadings and evidence before it and by interrogating counsel, ascertain what material facts exist without substantial controversy and what are actually and in good faith controverted and thereupon make an order specifying the uncontroverted facts, including extent to which amount of damages or other relief is not in controversy.

Neither the original complaint nor the proposed amendment contains any allegation relating to Mrs. Thomas Hook or the rental period from December 26, 1945, to November 1, 1946.

Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c, provides in part: "A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled."

"The prayer for relief does not constitute a part of the statement of the cause of action." 49 C.J. p. 173.

It has been held, however, that "Under the liberal rules of the reformed procedure, a plaintiff is entitled to recover, not on the basis of his allegations of damages or of his theory of damages, but on the basis of the facts as to damages shown in the record. This liberality is carried over into the new rules. In fact, it is broadened. Differences in the forms of claims being abolished, the plaintiff should be denied relief only when, under the facts proved, he is entitled to none." Nester v. Western Union Tel. Co., D.C.S.D.Cal., 25 F.Supp. 478, 481, affirmed 9 Cir., 106 F.2d 587; certiorari granted 309 U.S. 643, 60 S.Ct. 468, 84 L.Ed. 997, reversed on other grounds 309 U.S. 582, 60 S.Ct. 769, 84 L.Ed. 960, 128 A.L.R. 628.

■ The missing allegations in the complaint relative to Mrs. Thomas Hook, under the liberal rule just stated, may be supplied by plaintiff's request to admit pursuant to Rule 36. This request contained the following items:

"1. Defendant from October 1, 1945 to November 1, 1946 was the owner and entitled to receive the rents for the use and occupancy of premises 172 North Main Street, Fairport, New York, N. Y.

"2. That Mrs. Thomas Hook became a tenant of the defendant occupying the upper apartment in said premises from October 1, 1945, to November 1, 1946.

"3. That during said period (she) paid to said defendant as landlord the monthly rent of $30.

"4. That heretofore the Area Rent Director issued an order reducing the monthly rent for said housing accommodation from $30 a month to $20 a month effective December 26, 1945.

"5. That the maximum legal monthly rent for said housing accommodation from December 26, 1945 to October 31, 1946 was $20.

"6. Defendant has not refunded to the tenant the excess rent collected by him from said tenant.

"7. That tenant * * * has not instituted any action or affected (sic) any settlement of any claim for damages in connection with the payment of rent for said housing accommodation."

It does not appear what admissions, if any, were made by defendant.

Defendant's counsel Abram Ginsburg, in his affidavit verified January 23, 1948, alleges: "That on or about the 11th day of September, 1947, request for admissions was served upon the defendant's counsel by the plaintiff. That the defendant made reply, but in view of the circumstances attending the merits of this action, the defendant was unable to give a 'yes' or 'no' answer to the statements contained in the Request for Admissions; that the defendant answered the statements to the best of his ability and with some reservations, lest

he would prejudice his defense; that inadvertently, the defendant failed to verify his replies." Deponent, therefore, prays for "leave to file the sworn statement in reply to the said request for admission." This prayer is repeated in the affidavit of defendant's attorney, William L. Clay, verified March 9, 1948.

Rule 36(a) provided: "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

Defendant has failed to comply with Rule 36, which "provides a drastic remedy." Walsh v. Connecticut Mut. Life Ins. Co., D.C.E.D.N.Y., 26 F.Supp. 566, 573. "The power of the court is limited to extending the time to comply." Nekrasoff v. U. S. Rubber Co., D.C.S.D.N.Y., 27 F.Supp. 953, 955. Defendant has made no motion invoking this power. His counsel have not alleged what items of the request he wishes to deny specifically or what items he can not truthfully admit or deny.

It has been held that failure to comply with Rule 36 authorizes the court to grant summary judgment. Walsh v. Connecticut Mut. Life Ins. Co., supra, D.C., 26 F.Supp. page 573.

Plaintiff's motion for summary judgment under Rule 56 is accompanied by the affidavit of Samuel Schiff, litigation attorney assigned to the New York office of Housing Expeditor, verified January 9, 1948. Deponent alleges: "The tenant Mrs. Thomas Hook occupied the upper apartment in premises 172 North Main Street, Fairport, N. Y., from December 26, 1945, to November 1, 1946. During the aforesaid period (she) paid to the defendant the monthly rent of $30.00 for said housing accommodation. Thereafter the Area Rent Director issued an order effective December 26, 1945, reducing the maximum legal monthly rent from $30.00 to $20.00 * * *. This order directed the defendant to refund to the tenant any rent collected by (him) in excess of $20.00 a month from December 26, 1945, to date, within 30 days of the date of said order."

Regarding plaintiff's request for admissions under Rule 36, deponent further alleges: "What the defendant did was to return the plaintiff's request and alongside the items requested to admit he made some notations. In view of defendant's failure to comply with Rule 36, the admissions requested must be deemed to be true."

Neither attorney Ginsburg nor attorney Clay in their aforesaid respective affidavits deny the matters requested to be admitted. The former alleges "he verily believes that the defendant will be able at the trial to present an adequate defense." The latter alleges he "believes that in this case, the landlord has a defense of substantial merit."

Rule 56(c), both in its old and in its amended form, provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It has been held by Burke, D. J., of this District: "The granting of summary judgment is a drastic remedy. * * * It is never warranted except upon a clear showing that no genuine issue as to any material fact remains for trial." Shultz v. Manufacturers & Traders Trust Co., D.C., 1 F.R.D. 451, 452.

In the instant case there is no genuine issue of fact remaining for trial.

Emergency Price Control Act of 1942, § 205(e), as amended, 50 U.S.C.A.Appendix, § 925(e)—provides: "That such amount shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation, order, or price schedule in question was neither will-

ful nor the result of failure to take practicable precautions against the occurrence of the violation."

■ Defendant has made no attempt to set up this defense and the court therefore has no discretion to deny the relief demanded in the amended complaint. Bowles v. Krodel, 7 Cir., 149 F.2d 398, 400; Bowles v. Hasting, 5 Cir., 146 F.2d 94, 95. This last case also held: "The burden is on the defendant to show both an absence of wilfulness, and the presence of care to prevent the occurrence of violations." 146 F.2d, page 95.

■ Although it has been said: "Summary judgment under Rule 56 in a case at law where a jury has been demanded ought not to be given unless it is quite clear what the truth is." Port of Palm Beach Dist. v. Goethals, 5 Cir., 104 F.2d 706, 709—and although defendant has moved for a jury trial of this action, the constitutional right to a jury trial is not applicable to this case. Amendment VII of the U. S. Constitution guarantees the right of trial by jury "in Suits at common law." It does not apply to an action under the Emergency Price Control Act of 1942. "It is only to rights and remedies as they were generally known and enforced at common law by jury trial that the amendment applies." Agwilines, Inc. v. Nat'l Labor Relations Board, 5 Cir., 87 F.2d 146, 150. Vide Bellavance v. Plastic-Craft Novelty Co., D.C.D.Mass., 30 F. Supp. 37; Ransom v. Staso Milling Co., D. C.D.Vt., 2 F.R.D. 128. The U. S. Supreme Court has held that the 7th Amendment "has in effect adopted the rules of the common law in respect of trial by jury as these rules existed in 1791. To effectuate any change in these rules is not to deal with the common law, qua common law, but to alter the Constitution." Dimick v. Schiedt, 293 U.S. 474, 487, 55 S.Ct. 296, 301, 79 L. Ed. 603, 95 A.L.R. 1150.

For the reasons above stated, plaintiff is entitled to summary judgment for the relief demanded in the amended complaint, including the multiple damages specified in the Act.