**WATER HAMMER ARRESTER CORPORATION v. TOWER.**

**No. 9527.**

United States Court of Appeals
Seventh Circuit.

Jan. 13, 1949.

878

Harold Olsen, of Chicago, Ill., and Elwin A. Andrus, of Milwaukee, Wis., for appellant.

Bertram W. Coltman, of Chicago, Ill., and Ralph W. Brown, of Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge, SPARKS, Circuit Judge, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

This suit originally involved the validity of patent No. 2273766, issued to defendant Tower, and was before this court at the April Session, 1946. At that time we sustained a decree of the District Court holding the patent invalid. 156 F.2d 775. The case was remanded to the District Court on January 20, 1947 after certiorari had been denied by the Supreme Court, 329 U. S. 806, 67 S.Ct. 501, 91 L.Ed. 688. On July 23, 1947 plaintiff filed in the District Court its motion under Federal Rules 36(a) [1] and 37(c) [2], 28 U.S.C.A., in which it sought to require the defendant to pay certain attorney's fees and expenses said to have been incurred by plaintiff in making proof of certain matters set forth in its previous requests for admissions of fact, and which plaintiff asserts defendant failed to answer in accordance with the provisions of such rules.

The District Court allowed plaintiff's motion and entered judgment against defendant for the sum of $1000.00 as and for plaintiff's attorney's fees and expenses incurred in making proof of the matters covered by the requests for admission, and which the District Court held defendant had failed to answer in accordance with the provisions of said rules. From this judgment defendant now appeals.

It will be noted that under Rule 36 in the form prevailing at the time of the hearing in the District Court, it is provided that

[1] "At any time after the pleadings are closed, a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth therein. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

[2] "If a party, after being served with a request under Rule 36 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made."

"At any time after the pleadings are closed, a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents * * * or of the truth of any relevant matters of fact * * *. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, * * * the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested, or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters." It will also be noted that in the pertinent part of Rule 37 it is provided that "If a party, after being served with a request under Rule 36 * * * serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. * * *"

■ An examination of the record discloses that there were fifty-three separate requests for admission, nine of which are involved in this appeal. Of the nine, defendant in response thereto either admitted the matters requested or asserted that he was without knowledge of the facts. We have searched the record in vain to find where the defendant ever made any denial in connection with any of the nine requests now involved, and we have likewise searched in vain to find where the defendant ever served the plaintiff with a sworn statement or sworn denial in reference to these nine requests as provided in the pertinent provisions of said rules. Under such circumstances it seems clear that the matters requested stood admitted and required no further proof on the part of plaintiff. Rule 36 requires affirmative action by the party upon whom the request is made. If the requests are proper no further action is required of the party making the same, but the matters are deemed admitted unless the other party responds in accordance with the terms of the rule. Kraus v. General Motors, D.C., 29 F.Supp. 430. It is obvious of course that if no proof was required on account of such matters having been admitted, the party who sees fit nevertheless to make such proof cannot tax his opponent with the costs of making the same. See West Kentucky Coal Co. v. Walling, 6 Cir., 153 F.2d 582, at 586, 587.

In Hopsdal v. Loewenstein et al., D.C., 7 F.R.D. 263, the District Court excused defendant from serving a sworn statement where the original answers were properly sworn to, but in our case there was not at any time any sworn denial or statement in reference to the specific requests now under consideration. True, the defendant attached an affidavit to his answers in which he stated that "the matters denied in the request for admissions are denied for the specific reasons stated." Of the fifty-three specific requests, however, none of the nine presently involved were met with any denial and the affidavit therefore is meaningless insofar as they are concerned. They stand without a sworn response.

■ Various other reasons are assigned by defendant why the judgment of the District Court should be reversed but under our interpretation of the rules in question the fact that no sworn statement was furnished in accordance with the rules is conclusive against the plaintiff. An examination of the District Court's opinion in the instant case, 7 F.R.D. 620, makes it doubtful whether this point was presented to the District Court at the hearing and if not, it was quite unfair to the District Court. However, the pertinent provisions of the rules are so plain and unambiguous that we are obliged to take notice of it. The other points raised need not be considered.

The judgment of the District Court is Reversed.