G. R. JACKSON, Trustee, Plaintiff,

v.

KOTZEBUE OIL SALES, an Alaskan
Corporation, Defendant.

No. 4018.

District Court, Alaska
Second Division, Nome.
March 24, 1955.

James A. von der Heydt, Nome, Alaska, for plaintiff.

Taylor, Miller & Taylor, Fairbanks, Alaska, for defendant.

HODGE, District Judge.

Plaintiff, in an action to foreclose a chattel mortgage given to secure certain promissory notes, has moved for a summary judgment for failure of the defendant to comply with plaintiff's request for admissions made pursuant to Rule 36, Federal Rules of Civil Procedure, 28 U.S. C.A.; or, in the alternative, for default judgment against the defendant for failure to reply to interrogatories previously submitted pursuant to Rule 33, F.R. C.P.

Complaint was filed May 24, 1954. On August 13, following denial of a motion to dismiss and extension of time granted for answer, defendant filed its answer and affirmative defense, alleging payment by credits claimed against the original holder of one of the notes, and payment of the balance claimed on the other note. Thereafter the case was set for trial for April 4, 1955, allowing for the fact that Mr. Warren A. Taylor, of counsel for defendant, had been elected to the Territorial Legislature and was required to serve in such capacity for sixty days commencing January 24th.

Plaintiff sues in his capacity as trustee under the mortgage on notes given to the Union Oil Company of California and the Seattle First National Bank, the officers of both which corporations are at Seattle, Washington. In order to obtain essential pretrial information and to avoid the expense of taking depositions out of the Territory, plaintiff, on October 26, 1954, served by mail and filed 14 interrogatories, to be answered within fifteen days from the date of service as provided by Rule 33, relating to the credits and payment claimed by defendant. A stipulation was entered into between the parties extending the time for answer to the interrogatories until November 30, 1954. No such answers have ever been served or filed, nor has any request for additional time in which to file such answers been made.

On Feb. 11, 1955, in a further attempt to procure such information in order to determine what issues of fact may remain for trial, plaintiff served by mail and filed 10 requests for admissions, to be answered within ten days as provided by Rule 36(a), relating to such claims of payment and credit, certain records and the genuineness of documents purporting to show that the principal claim of credit of the defendant had been litigated in the U. S. District Court for the Western District of Washington, Northern Division, and fully settled and released.

On March 1, failing to receive any answers to or other response to such request for admissions, plaintiff filed his motion for summary judgment for failure to respond to such, under the provisions of Rule 56(a); or in the alternative for such default judgment for failure to reply to the interrogatories, pursuant to Rule 37(d). This motion was noted for hearing for March 18.

On March 16 there was filed the sworn affidavit of Eugene V. Miller in opposition to such motion, in which he states that he is "an associate" in the law firm of Taylor & Miller, attorneys for the defendant, but that this case belongs solely to Mr. Taylor and for that reason he is "unable to admit or deny any of the allegations contained in the request for admissions." The affidavit further explains in some detail that such request was received shortly after February 11, 1955 and that since January 24 Mr. Taylor has been serving as a Legislator at Juneau, which duties require all of his time, such that he will be absolutely unable to correctly handle the matter until such duties are over. This matter was submitted without oral argument on behalf of the defendant, with an accompanying brief or memorandum of authorities. No mention is made in either the affidavit or the brief of the interrogatories, or any objections thereto. Defendant requests that the date for return of the admissions be extended to May 1, 1955.

Rule 36(a) provides that:

"Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting

forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part * * *."

■ Upon failure of a party to serve a sworn statement either denying the matters of which admissions are requested or setting forth in detail the reasons why such cannot be either admitted or denied, the facts relating thereto are deemed admitted and the Court would be authorized to grant a summary judgment. Walsh v. Connecticut Mut. Life Ins. Co., D.C., 26 F.Supp. 566, at page 573; Creedon v. Arielly, D.C., 8 F.R.D. 265; Bowles v. Batson, D.C., 61 F.Supp. 839, affirmed Batson v. Porter, 4 Cir., 154 F.2d 566; Padway v. Pacific Mutual Life Ins. Co. of California, D.C., 42 F.Supp. 569; Merriman v. Broderick, D.C., 38 F. Supp. 13. But this device is intended for the disposition of cases without formal trial where no material issue of fact is involved, and is allowed in the cases cited and others examined where no reply is received from parties in answer to such request. It is held, pursuant to the 'general rule of cases cited in defendant's brief (but which are otherwise not applicable here) that, as the granting of a summary judgment is a drastic remedy and should not be invoked except on a clear showing that no genuine issue as to any material fact remains for trial, it will not do violence to Rule 36 if the opposite party be given further time in which to comply with the request for admissions, and the court then determine what material facts remain without substantial controversy. Bowles v. Batson, supra; Walsh v. Connecticut Mut. Life Ins. Co., supra; Creedon v. Arielly, supra; Shultz v. Manufacturers & Traders Trust Co., D. C., 1 F.R.D. 451.

■■ Moreover, it appears that the statement referred to, although not time-ly filed, otherwise sufficiently complies with the provision of the rule permitting such sworn statement as to why the party cannot truthfully admit or deny the matters referred to, on account of want of knowledge of such facts. Hopsdal v. Loewenstein, D.C., 7 F.R.D. 263. Such answers may be filed after the time allowed by the rule has expired under the circumstances claimed, where there is no indication of lack of good faith, and no substantial prejudice to the other party. Countee v. United States, 7 Cir., 112 F. 2d 447, 451; Hopsdal v. Loewenstein, supra.

Sufficient time may be allowed the defendant to answer such request for admissions, provided that provision be made for payment of expenses of the plaintiff as provided by Rule 37(c). Walsh v. Connecticut Mutual Life Ins. Co., supra; 2 Barron and Holtzoff, Fed. Prac. and Proc., 560–1, Sec. 854. The Legislature is expected to adjourn to-day, March 24th. The defendant may have fifteen days thereafter, or until April 8, to answer such request for admissions.

■■ No justifiable excuse appears or has even been suggested as to why plaintiff's previous interrogatories had not been answered, which were served nearly three months before the Legislature convened. The plaintiff is clearly entitled to default for failure of the defendant to answer such interrogatories. 2 Barron and Holtzoff, supra, 551 et seq., Secs. 851, 852, 855; U. S. for Benefit of General Electric Supply Corp. v. W. E. O'Neil Const. Co., D.C., 1 F.R.D. 529; Michigan Window Cleaning Co. v. Martino, 6 Cir., 173 F.2d 466. The rules may not be complied with by counsel at their pleasure, but their purpose is to expedite trial, and to relieve parties of the cost of proving facts which will not be disputed at the trial, the truth of which can be ascertained with reasonable certainty. Hanauer, for Use of Wogahn v. Siegel, D.C., 29 F.Supp. 329. However, in view of the issue of payment raised by the answer, this Court will re-

quire proof of nonpayment before entering judgment by default, pursuant to Rule 55(b) (2).

Plaintiff may elect whether to await the answers to the request for admissions, at which time the issues remaining for proof may be more clearly determined, or to have an order of default entered, and apply for judgment by default upon giving the notice required by the above Rule. If the defendant fails to serve answers to the request for admissions within the time extended, or if such be denied and the plaintiff thereafter proves the truth of matters of fact requested to be admitted or the genuineness of the documents referred to in such request, plaintiff may apply to the Court for an order requiring the defendant to pay him the reasonable expenses incurred in obtaining and making such proof including reasonable attorney's fees.

The date assigned for trial of this cause will be continued pending developments until April 8.