O. K. SMATHER, Appellant,

v.

Dewey MAY et al., Appellees.

Court of Appeals of Kentucky.

May 15, 1964.

Hamm, Taylor & Milby, Robert L. Milby, London, for appellant.

John C. Dixon, J. W. Jordan, Barbourville, for appellees.

STEWART, Judge.

This is an appeal from a judgment on a verdict in the Knox Circuit Court awarding appellee, Dewey May, the sum of $1000 for damages incurred when a truck owned by appellee, May, and driven by Tommy Warren, another appellee herein, collided with a motor vehicle owned and operated by O. K. Smather, appellant herein.

■ Appellees have failed to file briefs in this appeal, although they have obtained nine extensions of time in which to do so. Appellant finally moved to invoke the provisions of RCA 1.260(c) (3), asking this Court to regard appellees' failure to file briefs as a confession of error and to reverse the judgment without considering the case on its merits. This Court issued an order submitting this cause and we have elected, in accordance with RCA 1.260(c) (1), to accept appellant's statement of the facts and issues as correct.

Appellant urges reversal on the ground that appellees failed to comply with the provisions of CR 36.01 which reads, in part:

"After commencement of an action a party may serve upon any other party a written request for the admission by the latter of * * * the truth of any relevant matters of fact set forth in the request. * * * Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof * * * the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, * * * *."

Appellees filed suit against appellant for personal and property damages growing out of the collision of the truck of appellee, May, with the car of appellant, Smather. Appellant filed a motion to dismiss and an answer. Shortly thereafter appellant served a request for admissions on appellees but the request was never answered by either of them. Appellant later filed a counterclaim and another request for admissions, but this request was also ignored, appellees filing only a reply to the counterclaim.

At the trial appellant moved the trial court to find against appellees on their complaint and for him on his counterclaim upon the basis that the matters of which admissions were requested, but not responded to, should be deemed admitted as established facts. The motion was overruled. The

case was tried, resulting in a verdict of $1000, as heretofore mentioned, in favor of appellee, May. Appellant thereafter moved for judgment notwithstanding the verdict and filed a motion and grounds for a new trial.

Appellant's request for admissions asked that appellees admit as truth that:

1. Appellee, Warren, gave an arm signal only 75 feet before the intersection where he turned, which is less than the distance of 100 feet required by KRS 189.380 (2), before such a turn is made.

2. Although the truck was so constructed as to require that it be equipped with signals as required by KRS 189.380 (4), the truck was not so equipped.

3. An agency relationship existed between appellee, May, the owner of the truck and appellee, Warren, the driver of the truck.

4. Appellee, Warren, negligently and carelessly operated the truck so as to cause it to collide with appellant's car.

5. Appellant's car was damaged $1500 and he incurred $580 medical expenses.

It has been held under Federal Rule 36 (a), which is the counterpart of CR 36.01, that where there is no sworn statement denying specifically the matters of which an admission is requested, or setting forth in detail why the party cannot truthfully admit or deny those matters, they are deemed admitted and may be the basis for a summary judgment. See O'Campo v. Hardisty, 9 Cir., 262 F.2d 621; Walter Hammer Arrester Corp. v. Tower, 7 Cir., 171 F.2d 877; Batson v. Porter, Adm'r, 4 Cir., 154 F.2d 566.

In the case of Lyons v. Sponcil, Ky., 343 S.W.2d 836, Lyons, the plaintiff, sued Sponcil, the defendant, for damages for the alleged negligent operation of his motor truck in causing it to collide with the plaintiff's car. There was an answer denying the averments of the complaint. The plaintiff served a request for admissions, includ-

ing one that the defendant "did negligently and carelessly allow the motor vehicle which he was operating to run into the rear end of the automobile owned and operated by the plaintiff, Lyons, while said automobile of the plaintiff was legally stopped for a traffic control signal." There was no response to the request for this admission. When that case came on for trial, a motion was made by the plaintiff that the jury be instructed to find the admission was true. The motion was overruled; the action proceeded to trial; and a verdict adverse to the plaintiff was rendered.

The judgment entered on the verdict was reversed and ordered set aside on an appeal to this Court. The opinion held that whether the defendant, Sponcil, at the time of the accident, was operating his motor vehicle negligently or carelessly, was an admissible fact and, when the defendant failed to answer as required by the rule, such a fact stood admitted and required no proof in respect thereto. In remanding the case for a new trial, the opinion on this point said (343 S.W.2d 838): "The court should peremptorily instruct the jury to find for the plaintiff the amount of the special damages admitted by the default of the defendant and any additional special and general damages for personal injuries which the plaintiff may prove." See also Sims Motor Transportation Lines, Inc. v. Foster, Ky., 293 S.W.2d 226.

In Clay's Rules of Civil Procedure, in commenting on CR 36.01 in Vol. 6, p. 488, it is stated: "The Rule is self-executing with respect to admissions when no answers or objections are served by the party to whom the request is directed. Failure to respond to the request constitutes an admission of the fact. However, the requesting party should file proof of the service of the request as required by Rule 5.03 with a statement that the other party had failed to respond."

The record shows appellant on two occasions served a request for admissions on appellees. The trial court's order of Jan-

uary 28, 1963, recites the fact that no answer was made to them by either of appellees.

 Wherefore, the judgment is reversed and directed to be vacated; and an order shall be entered dismissing the complaint and taking the allegations of the counterclaim as confessed; but only the special items of damages, set forth in the request for admissions, shall be awarded. The trial court shall at a new trial instruct the jury to find for appellant, not to exceed $25,000 in amount, any additional special and general damages for personal injuries which he may prove.