**COMMONWEALTH of Kentucky, ex rel. Robert MATTHEWS, Attorney General, Appellant,**

v.

**Jim (Jimmie) RICE, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

Earl R. Cooper, Marcus Mann, Salyers-ville, for appellant.

Woodrow W. Burchett, Prestonsburg, Cordell H. Martin, Hindman, for appellee.

MONTGOMERY, Judge.

This is an ouster proceeding under authority of KRS 415.050 and 415.060 against Jim (Jimmie) Rice, a purported member of the Magoffin County Board of Education. It is contended that Rice is not eligible for such membership because he had not met the statutory requirement of an eighth grade education. KRS 160.180(1) (c). The appeal is prosecuted from a judgment in favor of Rice.

The first contention urged by appellant is dispositive of the case. Appellant argues that Rice's failure to respond properly to a request for admission under CR 36.01 amounts to an admission that he did not possess the necessary educational qualifications.

Appellant made a request that appellee make the admission "That he has never completed the eighth grade education." The response, omitting the caption and the certificate of service, is as follows:

"Comes the defendant, by counsel, and in Response to Request for admission, states that the information desired by plaintiff and their Counsel, is to be found in the Pleadings heretofore filed.

"Defendant admits that he is qualified and has completed the eighth grade as required by Statute, and that he attended elementary school to obtain the eighth grade education as hereinbefore set out.

"This April 16, 1965.

W. W. Burchett

W. W. Burchett, Prestonsburg, Kentucky

Cordell H. Martin

Cordell H. Martin, Hindman, Kentucky Attorneys for Defendant"

The pertinent portion of CR 36.01 follows:

"Each of the matters of which an admission is requested shall be deemed admitted unless * * * the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, * *."

Appellee did neither. Such failure should have been deemed an admission by appellee that he did not meet the statutory educational requirement. Sims Motor Transportation Lines v. Foster, Ky., 293 S.W.2d 226; Lyons v. Sponcil, Ky., 343 S.W.2d 836; Commonwealth, Dept. of Highways v. Claude Compton Lumber Co., Ky., 387 S.W. 2d 314; Water Hammer Arrester Corporation v. Tower, 7 Cir., 171 F.2d 877; Bowles v. Batson, D.C., 61 F.Supp. 839. See also Clay, CR 36.01, Comment, pages 486–488.

Failure to respond properly under CR 36.01 may constitute an admission justifying the granting of a summary judgment or a directed verdict. Smather v. May, Ky., 379 S.W.2d 230; Jackson v. Kotzebue Oil Sales, 17 F.R.D. 204, 15 Alaska 494. Appellant's motion for summary judgment should have been sustained and judgment of ouster should have been granted.

Other questions presented are not decided and are reserved.