**Robert Allen FRENCH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22505.**

United States Court of Appeals
Ninth Circuit.

Oct. 11, 1968.

As Amended on Denial of Rehearing
Oct. 15, 1969.

**1150**

Robert Allen French, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., George G. Rayborn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and SWEIGERT,* District Judge.

JAMES M. CARTER, Circuit Judge.

This is an appeal from denial by the district court after an evidentiary hearing, of relief under 28 U.S.C. § 2255.

The appeal presents:

(1) Evidentiary questions and

(2) The question whether failure to answer requests for admissions automatically constitutes an admission which is thereafter completely binding on the defaulting party, or whether the district court may in its discretion, allow additional time to answer the requests for admissions.

## THE FACTS

The appellant on July 27, 1964, entered pleas of guilty to three counts of a nine count indictment, charging appellant with nine separate bank robberies in violation of 18 U.S.C. § 2113(a). Following plea, appellant was sentenced to imprisonment for 17 years and 300 days on each of the three counts, to run concurrently.

Appellant moved to vacate his sentence, pursuant to 28 U.S.C. § 2255. Following the procedure suggested in "Pre-Trial Suggestions for 2255 Cases, etc.," 32 Fed. Rules Dec., 393–408, counsel was appointed for appellant in the district court, pretrial conferences held and a stipulation and order filed listing the issues to be tried, which were as follows:

(1) Were the pleas of guilty of petitioner in the criminal proceeding voluntarily made and free from coercion and/or wrongful inducement?

a. Was petitioner's right to counsel violated by the interrogation conducted in the Police Administration Building on either July 1 or July 3, 1964, said date being in dispute, and were his pleas of guilty influenced or induced thereby?

b. Were any promises made to petitioner by Special Agent Robert H. Morneau, Jr., which influenced or induced petitioner to plead guilty?

c. Was there a threat made to petitioner at the time of his pleas of guilty by Assistant United States Attorney Michael Balaban, such as to have coerced petitioner to enter pleas of guilty?

d. Was petitioner's right to remain silent violated during interrogation by law enforcement officers while petitioner was in custody? If petitioner's right to remain silent was violated during such interrogation, were the pleas of guilty induced or influenced thereby?

(2) Is the sentence based upon a presentence report which is so erroneous as to render the sentence invalid as being a lack of due process of law?

(3) Was petitioner mentally competent, i. e., able to understand the nature of the proceedings against him and to cooperate with counsel in his defense at all stages of the criminal proceeding?

(4) Was petitioner adequately represented by counsel at all stages of the criminal proceeding?

(5) Were petitioner's pleas of guilty induced by a combination of inducements, or of inducements and coercion, or of inducements, coercion and inability to understand the proceedings against him and to cooperate and assist his counsel,

---

* Hon. William T. Sweigert, United States District Judge, Northern District of California, sitting by designation.

or of all of these and the inadequacy of counsel?

The pretrial stipulation and order further provided that the court would rule on all issues that might affect the validity of the criminal judgment and sentence; that petitioner would have the burden of proof on all of said issues; that in the absence of proof on a particular issue, the district court would find that petitioner had not sustained his burden of proof, and find against the petitioner on the merits of such issue; and that as to issues on which proof was offered, the court would decide them on the merits. The pretrial order further recited, "The purpose of this order is to prevent piece-meal and repetitious petitions for relief, to hear and consider all matters that might affect the validity of the criminal judgment and sentence, and to as far as possible, determine all such issues in one hearing."

Following a hearing, the court made written findings and an order denying the petitioner relief, with a provision that the order should serve as findings of fact and conclusions of law pursuant to Rule 52, F.R.Civ.P.

### FAILURE TO ANSWER REQUESTS FOR ADMISSIONS

The petition for relief under section 2255, 28 U.S.C. was filed on April 1, 1966. The appellant was removed from the place of his incarceration to the Central District of California at Los Angeles; the district court judge appointed counsel to represent him and held a number of pretrial conferences with the appellant and his counsel present. These conferences were held in an attempt to classify and list all the possible grounds which might serve as a basis for relief so that they might all be heard and determined in the same action. These pretrial conferences were held on April 20 and August 16, 1966, and January 11 and February 2, 1967.

On March 28, 1967, appellant, acting pro per and without his counsel's name appearing on the document, served fifty-five requests for admissions under Federal Rule of Civil Procedure 36. The United States failed to answer within the time specified by the appellant in his request.[1]

On May 17, 1967, appellant filed in pro per a motion for summary judgment, which included notice to the United States as to the date the matter would be heard by the district court. The motion urged that since the United States had failed to respond to the request for admissions within the time specified in the request, that all the matters contained therein were deemed automatically admitted by operation of Rule 36, F.R.C.P., and that on the basis of these admitted facts summary judgment should be granted for the appellant.

The court denied the appellant's motion with the entry of a minute order in the record dated May 18, 1967. Appellant's attorney was present. The court went over the requests for admissions, relieved the government of its default, granted it additional time to answer and sustained objections to various of the requests. The court's rulings were included in the pretrial stipulation and order.[2]

---

1. The United States points out, by way of excuse for its failure to answer the Request for Admissions, that at the pretrial conference in February of 1967, the appellant was represented by his counsel; during the meeting the court asked how soon the discovery process could be completed and whether the Request for Admissions could be filed by February 17, 1967. The appellant's counsel replied "I will." The court asked: "Any interrogatories and request for admissions?" To this the appellant's counsel replied, "Served and filed by February 17." The

position of the United States is that it expected the attorney to file the request for admissions and hence paid no attention to the request filed by appellant in pro per. Our decision does not turn on this factual situation.

2. "Petitioner sought to have all the requests considered admitted for failure to answer the requests. The court denied this request and enlarged the time within which to answer. * * *".

"Certain of the requests were objected to on the ground that they were ambiguous. To eliminate this objection petitioner

The reporter's transcript shows that appellant's counsel on May 23, 1967, when the pretrial order and stipulation was settled, signed and filed, conceded that the court had made such rulings. Although the rulings were set forth in the pretrial order and stipulation and "stipulated to and approved" by the signature of both appellant and his attorney, the appellant continuously preserved his objection to the court's rulings.

■■ It was not error for the trial court to relieve the United States of its default in failing to answer the request for admissions. A trial judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36 F.R.Civ.P., and thus relieve a party of apparent default. Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686 (2 Cir. 1966), is direct authority for the proposition.

"Under compelling circumstances the District Court may allow untimely replies to avoid the admission. * * * Since the purpose of Rule 36 is to expedite trial by removing uncontested issues and no delay was caused here, there is no sufficient reason to force the District Court to grant summary judgment here where no prejudice is shown." (Id. at 688).

Accord: Sher v. DeHaven, 91 U.S.App. D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937 (1952), cert. denied 345 U.S. 936, 73 S. Ct. 797, 97 L.Ed. 1363 (1953); Bowers v. E. J. Rose Mfg. Co., 149 F.2d 612 (9 Cir. 1945), cert. denied sub nom. Fischer v. Bowers, 326 U.S. 753, 66 S.Ct. 91, 90 L.Ed. 451 (1945); Countee v. United States, 112 F.2d 447 (7 Cir. 1940); Kelly v. Harris, 158 F.Supp. 243 (D. Mont.1958); Jackson v. Kotzebue Oil Sales, 17 F.R.D. 204, 15 Alaska 494 (1955); Hopsdal v. Loewenstein, 7 F. R.D. 263 (N.D.Ill.1945).

■ Appellant claims he was prejudiced. He contends first that he had been told there would be a two weeks interval between the pretrial and the 2255 hearing itself. The record shows that on February 2, 1967, pretrial was set for April 13, 1967, and the hearing date set for April 25, 1967. Appellant's counsel then requested and obtained additional time for discovery. On April 7, appellant's counsel again obtained an extension of time for pretrial and discovery, and the court at that time fixed May 16, 1967, for the pretrial and May 23, 1967 for the hearing date. Appellant apparently knew of this new date, since when he filed his notice of motion for summary judgment, on May 17, 1967, he noticed it for May 22, 1967, a day before the hearing was to commence. There is nothing in the record to indicate there were any further requests for extension of the date of the actual hearing or any motion for a continuance.

Secondly, appellant claims he was prejudiced by the court's ruling, because the government on May 23, 1967, the date of hearing, had eight prospective witnesses in court and used only three; and that the witnesses summoned were to rebut the matters covered by his requests for admissions.

The trial court afforded appellant an opportunity to confer with counsel before he rested his case. No request for a continuance was made. There is no showing in the record as to the need for any additional witnesses in appellant's behalf, or any request to the court for assistance in obtaining their presence. The record shows neither bad faith on the part of the government nor prejudice to the appellant.

The briefs contain discussion and citations as to the question of the avail-

---

consented to amendment of the requests. The requests which are admitted appear below in their amended form. The term 'secret interrogation' is amended to mean interrogation by law enforcement officers while in custody. Request No. 35 was withdrawn by petitioner. The government could neither admit or deny requests No. 14, 17, 18, 19, 40, 41 and 44 on the ground

that sufficient information was not available to the government. Requests No. 3, 4, 5, 45-53 inclusive were objected to as immaterial and this objection was sustained." The government admitted the requests made in 1, 11, 33, 34, 37, 38, 39 and 42. Except as shown above, all other requests were denied by the government.

ability of the discovery rules in habeas corpus and 2255 proceedings.[3] In view of our disposition of the case we do not reach the question.

## THE UNCONTESTED ISSUES
### Issues 1c, 2, 3 and 4

■ The court found that no evidence at all was produced by appellant in support of certain of the issues outlined in the pretrial order, namely those contained in Nos. 1c, 2, 3 and 4 set forth above and found against appellant on the merits as to these issues.

As to this ruling, the court was clearly correct. In Sanders v. United States, 373 U.S. 1, at page 22, 83 S.Ct. 1068, at page 1081, 10 L.Ed.2d 148 (1963), the court stated:

> "Finally, we remark that the imaginative handling of a prisoner's first motion would in general do much to anticipate and avoid the problem of a hearing on a second or successive motion. The judge is not required to limit his decision on the first motion to the grounds narrowly alleged, or to deny the motion out of hand because the allegations are vague, conclusional, or inartistically expressed. He is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief. Certainly such an inquiry should be made if the judge grants a hearing on the first motion and allows the prisoner to be present. *The disposition of all grounds for relief ascertained in this way may then be spread on the files and records of the case.*" [Emphasis added].

## FACTUAL ISSUES

Appellant was accorded a full evidentiary hearing. At this hearing appellant presented evidence on only two of the major issues outlined in the pretrial order and stipulation, namely—

(1) whether his guilty pleas were induced by a confession illegally obtained (Issues 1a and 1d, supra); and

(2) whether his guilty pleas were induced by an alleged promise made to him by an FBI agent, to the effect he would receive only a ten year sentence (Issue 1b, supra). The record is clear that appellant elected to present evidence only on these issues and made his election after conferring with his court appointed counsel.

The district court carefully evaluated all the testimony at the hearing, as well as the entire file in this proceeding below, which included letters and affidavits of the appellant and other material. The trial court determined that appellant's confession to the nine robberies was illegally obtained in violation of appellant's right to counsel and his right to remain silent. Escobedo v. State of Illinois, 378 U.S. 478, 490–491, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The court further determined that the pleas of guilty were voluntary and not induced or caused by the prior confessions.

■■ The existence of illegally obtained evidence *alone* is not a sufficient ground to set aside a conviction. It must be shown that the illegally obtained evidence induced or caused the guilty pleas, so as to render them involuntary. Norris v. Wilson, 378 F.2d 324 (9 Cir. 1967), holds that the allegations of the petitioner were insufficient to show that the guilty pleas were "the coerced product of

3. The government cites Wilson v. Harris, 378 F.2d 141 (9 Cir. 1967), concerning Rules 26 and 33 F.R.Civ.P.; and Burleson v. United States, 205 F.Supp. 331 (W.D. Mo.1962). The appellant cites many cases not pertinent, and United States ex rel. Seals v. Wiman, 304 F.2d 53, 64 (5 Cir. 1962); cert. denied 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722, and Wilson v. Weigel,

387 F.2d 632 (9 Cir. 1967), permitting a deposition to be taken.

In denying the motion for summary judgment and holding that the failure to answer the requests for admissions did not automatically foreclose the matter, the trial court had relied upon Wilson v. Harris, supra.

a tainted confession." In Doran v. Wilson, 369 F.2d 505, 507 (9 Cir. 1966), the court said:

"It can be argued that in every case where the government has obtained evidence by conduct that violates the Fourth Amendment, or has obtained statements in a manner that violates the Fifth and Sixth or either of them, its possession of such evidence will necessarily enter into a defendant's decision to plead guilty. But a decision to plead guilty can still be free and voluntary under these circumstances, and that is all that is required. A defendant's primary motivation in pleading guilty, regardless of what has gone on before, may be his own knowledge of his guilt and a desire to take his medicine. As the cited cases indicate, whether he was so motivated may be a question as to which he is entitled to a hearing by the habeas corpus judge. * * *".

■ Our case is a stronger one than Norris v. Wilson, supra, where no evidentiary hearing was held. Our case is like Knowles v. Gladden, 378 F.2d 761, 766–767 (9 Cir. 1967), where an evidentiary hearing was held and the trial court found the plea of guilty voluntary, notwithstanding petitioner's contentions that prior coerced confessions induced the plea.

With regard to whether the illegal confessions induced or caused the guilty plea, the only testimony supporting this contention was that of appellant. The district court refused to credit appellant's testimony because of (1) the various contradictory stories the appellant had given to explain his decision to plead guilty; (2) appellant's admission that he had lied to the court at earlier proceedings; (3) letters to the court, in substance admitting his guilt and de-

scribing his discomfort and concern following the commission of the crimes; and (4) affidavits filed by appellant in which he stated that the *sole ground* for his guilty plea was the alleged promise by the FBI agent.

In addition, appellant knew from the time of his arraignment, immediately following his arrest, that witnesses had identified him and his finger prints had been found on the teller's counter.[4] As stated in *Doran, supra,* the court found in substance that the motivation for his pleas of guilty was "his own knowledge of his guilt and a desire to take his medicine." (369 F.2d p. 507).

As to the said alleged promise (Issue 1b, supra), the court did not credit the appellant and instead credited and believed the testimony of the FBI agent. Issue 5 supra, was a combination of various other issues and the trial court found against appellant.

The district court's findings on the factual issues that were tried and on which evidence was offered, are clearly supported by the record.

The judgment is affirmed.

On Petition for Rehearing.

On petition for rehearing appellant claimed that parts of the reporter's transcript had not been transcribed and that these and other parts of the record were not supplied to him, although designated by him for the record.

We ordered the missing portions of the transcript, other parts of the record and the Exhibits supplied to him and required that he specify if any portions of the transcript were still missing. He has not done so. We conclude he has had the entire record.

We have reviewed the entire record on the petition for rehearing and nothing in the omitted portions of the transcript,

---

4. Appellant was arrested by the FBI, taken before the United States Commissioner, and, properly arraigned.

The Commissioner's complaint on which he was arraigned read in part, " * * * this complaint was based on the fact that witnesses have identified photos of de-

fendant as being the culprit. The Los Angeles police have identified the finger prints lifted from the teller's counter as being that of the defendant." This complaint was read to him at the time of his arraignment. It had been verified by the FBI agent.

portions of which were not before us at the time of the preparation of the opinion, changes our views as to the case.

Since our decision the Supreme Court has decided Harris v. Nelson, (1969) 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 which reversed Wilson v. Harris, (9 Cir. 1967) 378 F.2d 141, a case relied on by the trial court. We did not rely on Wilson v. Harris, supra, in our opinion. The reversal has no effect on our decision.

The petition for rehearing is denied and the suggestion for a hearing in banc rejected by the entire court.