RENDERED:  JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1244-MR

BRENDA COMPTON                                                        APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.          HONORABLE JOHNNY RAY HARRIS, JUDGE
ACTION NO. 23-CI-00077

POP'S CHEVROLET, INC.                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND LAMBERT, JUDGES.

JONES, L., JUDGE:  Brenda Compton (Compton) appeals from an order of the

Floyd Circuit Court that granted summary judgment in favor of Pop's Chevrolet,

Inc. (PCI).  We affirm the circuit court.

**Factual and Procedural Background**

Compton purchased a used 2020 Dodge Charger from PCI in April 2022.[1] Prior to purchasing the vehicle, PCI provided her with a history via Carfax. Compton claims that at some point after the purchase, she took the vehicle to another dealership where she obtained a vehicle history from Experian. The Experian report indicated the vehicle was previously stolen, the Vehicle Identification Number (VIN) defaced, and a fraudulent VIN placed on the vehicle. This information had not been contained in the Carfax report. Compton filed the underlying complaint in the circuit court in February 2023, claiming that she "did not get the benefit of her bargain" and wanted the sales contract rescinded and her money refunded. PCI filed a counterclaim for defamation based on alleged social media posts Compton made about PCI.

PCI propounded discovery requests on March 28, 2023, which included requests for admissions regarding various facts including the VIN, the purchase contract, and that Compton was not damaged by any alleged VIN discrepancy or any alleged prior theft of the vehicle. Compton failed to respond and PCI filed a motion to deem truth of facts admitted pursuant to Kentucky Rule

---

[1] Throughout the record before us and in her brief to this Court, Compton asserts the vehicle was "new." However, the vehicle was two years old with over 14,000 miles when Compton purchased it. The record indicates the vehicle was likely used as a rental at some point in its history.

of Civil Procedure (CR) 36.01.[2]  Compton did not file a response and did not appear at the hearing.  The circuit court entered an order granting PCI's motion for admission.  Shortly thereafter, PCI filed a motion for summary judgment.  The parties filed briefs and the court heard that motion on August 4, 2023.  On September 13, 2023, the circuit court entered a written order granting summary judgment in favor of PCI.  This appeal followed.  Further facts will be developed as necessary.

**Standard of Review**

Generally, when a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved.  *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).  We must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Compton) and determine whether the circuit court correctly found there was no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.  *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).  However, due to Compton's briefing deficiencies as explained below, we review only for manifest injustice.

---

[2]  Although this motion appears in the certified case history from the Floyd Circuit Clerk, it does not appear in the record before us.

## Analysis

Compton's brief is deficient in several ways. First, there are no citations to the record in her Statement of the Case as required by Kentucky Rules of Appellate Procedure (RAP) 32(A)(3); nor does Compton cite to the record in her Argument section, as required by RAP 32(A)(4). Finally, there is no preservation statement at the beginning of her Argument, also required by RAP 32(A)(4).[3]

We have three options when a party fails comply with the appellate rules: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 10(B)(3)][4]; or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). The Kentucky Supreme Court has explained that "[t]he manifest injustice standard of review is reserved only for errors in appellate briefing related to the statement of preservation." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). Manifest injustice exists where there "is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law."

---

[3] PCI argues that Compton's arguments related to a rebuilt title are unpreserved. PCI is correct that there are no claims related to an alleged rebuilt title contained in Compton's complaint. Our review of the record shows that Compton's assertions regarding the title of the vehicle do not appear until she filed a response to PCI's motion to dismiss. It was also argued extensively at the hearing on August 4, 2023.

[4] Formerly CR 76.12(8)(a).

*Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). "Manifest injustice is found if the error seriously affected the 'fairness, integrity, or public reputation of the proceeding.'" *McGuire v. Commonwealth*, 368 S.W.3d 100, 112 (Ky. 2012) (quoting *Martin*, 207 S.W.3d at 4). Finally, "[r]equiring a statement of preservation saves this Court the time of canvassing the record in order to determine if the claimed error was properly preserved for appeal." *S.T. v. Cabinet for Health and Family Services*, 585 S.W.3d 769, 777 (Ky. App. 2019) (internal quotation marks and citations omitted).

Thus, due to Compton's briefing deficiencies, we review only for manifest injustice, and, accordingly, find none. It is well-settled law in Kentucky that "where there is no sworn statement denying specifically the matters of which an admission is requested, or setting forth in detail why the party cannot truthfully admit or deny those matters, they are deemed admitted and may be the basis for a summary judgment." *Smather v. May*, 379 S.W.2d 230, 232 (Ky. 1964). *See also* CR 36.01(2).

It is equally well settled that:

[A]ny matter admitted under the rule is held to be *conclusively established* unless the trial court permits the withdrawal or amendment of the admissions. CR 36.02. Thus, an inattentive party served with a request for admissions may run the risk of having judgment entered against him based upon the failure to respond.

*Harris v. Stewart*, 981 S.W.2d 122, 124 (Ky. App. 1998).

-5-

Because of Compton's failure to respond to PCI's request for admissions, PCI conclusively established the following facts: (1) the true VIN was located on the vehicle, in the sales contract, and in the title; and all VINs matched; (2) the vehicle was legally titled; and (3) any prior alleged theft of the vehicle did not cause damage to Compton. Compton did not subsequently seek withdrawal or amendment of the admissions. As a result, there were no genuine issues of material facts and summary judgment was appropriate.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Floyd Circuit Court dated September 13, 2023, granting summary judgement to PCI.


ALL CONCUR.


BRIEF FOR APPELLANT:

Wolodymyr Cybriwsky
Prestonburg, Kentucky

BRIEF FOR APPELLEE:

C.V. Reynolds
Lisa Stumbo
Prestonburg, Kentucky